RICHARDSON vs. GERE.

A *commission* issued to take the testimony of a witness, and the testimony
taken under it, are not admissible in evidence, *although returned by mail*,
addressed to the clerk, &c. unless an order or *direction for its return in
that manner* was made by the officer settling the interrogatories.

THIS was an action of *ejectment for dower*, tried at the
Tompkins circuit, in September, 1837, before the Hon. ROB-
ERT MONELL, one of the circuit judges.

The plaintiff, to prove her right to recover, produced a
*commission* sued out to *Illinois*, and the testimony taken un-
der it, which was received by the judge, although objected
to by the defendant as inadmissible. The commission was
allowed by a circuit judge, and the *interrogatories* to be at-
tached thereto were settled and allowed by a supreme court
commissioner, who endorsed upon the commission a direc-
tion in these words: "Let the within commission and the
testimony taken under it be returned to Arthur S. Johnston,
clerk of the county of Tompkins, Ithaca, New York. Da-
ted 18th March, 1837." It was admitted that the *commis-
sioner* named in the commission, and the witness to be ex-
amined, resided at *York, Clark County, Illinois*; that the
commission and testimony were in fact *returned by mail*,
enclosed in a wrapper, post marked *York, Clark Co. Illi-
nois*, directed to Arthur S. Johnson, Ithaca, Tompkins coun-
ty, and that the commission and testimony so enclosed were
taken from the post office in Ithaca by Arthur S. Johnston,
clerk of the county of Tompkins. The plaintiff obtained a
verdict, and the defendant asks for a new trial.

*J. A. Spencer*, for the defendant.

*D. Cady*, for the plaintiff.

*By the Court*, NELSON, Ch. J.    The commission, I am of
opinion, was improperly admitted. The statute, 2 R. S.
394, § 14, prescribes that the officer settling the interrogato-

ries shall "*direct the manner in which it shall be returned, and may, in his discretion, direct the same to be returned by mail, addressed to the clerk,*" &c. It then provides, § 16, sub. 5, that if *there is a direction on the commission to return the same by mail,* they [the commissioners] shall deposit the packet in the nearest post office, &c. ; and by sub. 6, if there be a direction to return the same *by an agent* of the party who sued out the same, it shall be delivered to him. The old statute. 1 R. L. 520, provided that the commission should be returned by one of the commissioners, or an agent of the party ; the revised statutes have extended the provision so as to enable the officer, *in the exercise of his discretion,* to authorize a return by mail.

This is a statute proceeding, innovating upon the common law rules of evidence, and must be strictly complied with. Without the *direction* provided for by the act, I do not see how a return can be legally made at all ; for in the absence of it, there is no mode recognized by the law. The commission would be nugatory in this respect. But it is clear, that the *return by mail* is admissible *only* by the permission of the officer, in the exercise of his discretion. The statute puts it upon this footing in express terms.

New trial granted.