Bosworth, J.
All the proceedings preliminary to the taking of the deposition conform strictly to the provisions of the statute. The defendant’s attorney was present upon the éxami *626 nation of the witness, and cross-examined him. It was certified by the officer before whom the examination was had, on the day the examination took place. Within ten days thereafter, a copy of the deposition was (by mistake) filed instead of the original. At the earliest moment after the mistake was discovered, the plaintiff moves the court for an order directing it to be filed mmo pro tamo.. It is clear that the order should be granted, unless the filing of the deposition within ten days after it was taken is made, by statute, an indispensable condition to its admissibility as evidence.
I do not think the statute necessarily requires such a construction. The 5th section prescribes how the examination shall be conducted. Section 6th declares that, “ such deposition” shall be read to and subscribed by the witness, shall be certified by the officer taking the same, “and, within ten days thereafter, shall be filed in the office of the clerk of .the court in which such action shall be depending.”
The words “such deposition,” as used in § 6, mean the unfiled and uncertified deposition spoken of in § 5. Section 7 declares that “ such deposition ” or a certified copy of it, may be given in evidence on the trial by either party. The words “such deposition,” as used in § 7, evidently contemplate a deposition certified and filed, but do they necessarily mean that it cannot be read unless it has been filed within the ten days?
Ho provision is made for its custody during the ten days. The right is given' to either party to read it on the trial; unless the provision that it must be filed in ten days can be regarded as directory merely, then it will be in the power of the party at whose instance it is taken, if the testimony is unfavorable to him, to deprive the other party of all benefit from it, by omitting to file it within the ten days.
A construction involving such consequences, should not be given unless imperatively required. Section 6th is evidently designed as much for the benefit of the opposite party, as of the one at whose instance the deposition is taken.
Section 8 specifies what facts, on being satisfactorily proved, will prevent the reading of the deposition. An omission to file it within the ten days is not one of the enmnerated objections.
*627 Prior to the adoption of the Code, there were but four clerks of the Supreme Court. If a witness had been duly examined de bene esse, so short a period before the circuit that there was not time to file it with a clerk of the court before the cause was reached, and, in the mean time, the witness had died, could it be read on the trial, or would it be necessary to put the cause over the circuit that it might be filed, to entitle the party taking it to have it read ? I-do not think that the statute imposes such a condition as a right to read the deposition in evidence.
This case is distinguishable from Jackson, ex dem. v. Hobby, 20 J. R. 357, and Richardson v. Gere, 21 Wend. 156.
Jackson v. Hobby presented the question whether the deposition of a witness taken by virtue of a commission under 1 E. S. 519-520, § 11, could be read before it had been filed with the clerk of the court, and it was held that it could not. That statute provided, that when the commission and deposition were sent by an agent, he “ should deliver the same to one of the judges of-the court,” who was required, after taking the affidavit of the agent, “ to deposit the said commission and return with the said affidavit in the office of the clerk of the said court.”
The section further provided that “ every such deposition, being so taken and returned, shall be allowed and read,” &c.
- The court held, that the words “ being so returned ” could not be satisfied with anything less than an actual filing of the deposition by the officer, and in the manner prescribed; that the judge was made one of the officers for completing the return ; and that, in legal and common parlance, a commission was not returned until deposited in the office ip which it was returnable.
But § 7 of 2 R. S. 392, contains no such words. It does not say that such deposition, on “ being so filed,” may be read. It , directs it to be filed, and allows the party ten days, as a matter of course, in which to file it, but does not say that he shall not be permitted to read it, and does not seem to contemplate that he may defeat the right of the opposite party to read it, by failing to file it within the ten days.
Richardson v. Gere presented the question whether a deposition taken by commissiop ppder % E. S, § 393, § 11-31, which *628 had been actually filed, could be read. The officer who allowed the interrogatories did not direct upon the commission “in what manner” it should be returned, which § 23 requires to be done. He directed it to be returned to the clerk of Tompkins Co., but omitted to direct in what manner. It was returned to him by mail. He took it from the post-office and filed it. ¡Nelson, Ch. J., said, “ Without the direction provided for by the act, I do not see how a return can be legally made at all; for, in the absence of it, there is no mode recognised by the law. The commission would be nugatory in this respect. But it is clear that the return by mail is admissible only by the permission of the officer in the exercise of his discretion.”
Section 31 provides that “ the examinations and depositions taken under a commission issued, executed, and returned, as herein directed,” may be used in evidence, &c. This was not returned as directed, for no direction had been given as to the manner of returning it: The statute required such direction to be given on the commission itself. This, necessarily, must be done before the witnesses are examined,
I do not think that either of those, cases decides any principle applicable to this.
Even if it was apparent that the statute imposed, as a condition to the right to read a deposition, that it should be filed within ten days after it was taken, it is by no means clear that the Code has not conferred on the court ample power to grant the relief sought.
Section 174 declares that the court, in its discretion, “ may supply an omission in any proceeding.” The obvious meaning of this phrase is, that the court may supply any omission in any proceeding which, by law, may be taken in the progress of an action. The previous part of the section gave power to allow “ any act to be done after the time limited by the Code,” and the section is made applicable to pre-existing suits. (Act of June 11,1849, § 2, sub. 1.) Hence, if this suit had been commenced prior to the Code, the authority to grant the relief sought would seem to be unquestionable. The section having given the fullest power in respect to proceedings regulated by the Code, and the same power over pending suits, and it being possible that, in new suits, there might be a failure to conform *629 proceedings, regulated entirely by the Revised Statutes, to all the requirements of such statutes, further power was given, in the most comprehensive terms, to “.supply an omission in any proceeding ” which might be required to promote the ends of justice.
The filing of a copy instead of the deposition itself is a mere omission of a thing which the statute directed to be done. It • occurred by mistake, and contrary to the intent of the plaintiff’s attorney. The filing of it now, instead of on the 10th of July, and as of that date, can do no possible harm to the defendant. It is but doing what he was notified at the time had then been done, and what, for aught that appears, he supposed had been done, until the plaintiff’s attorney informed him of the discovery of the mistake.
I am of the opinion that the court may order the deposition to be filed now, as of the 10th of July, 1852; and that, on being so filed, it will be as available to either party as if it had been actually filed on that day. An order to that effect may be entered.
This opinion was read to and approved by all the judges.