Crawford *v.* Loper.

——————

## CRAWFORD *vs.* LOPER.

Where, in an action of ejectment, both parties claimed title under the same grantor, by virtue of conveyances from him, and the plaintiff offered in evidence the deed by which such common grantor derived his title to the premises in dispute, with a map annexed, for the purpose of showing the location of the tract conveyed; *Held* that the map, being annexed to the deed, and referred to in it, thereby became a part of it, and it was sufficiently authenticated *quoad* the parties to the suit, who were directly in privity with it.

*Held also*, that such map was proper to be laid before the jury as showing the locality of the lots claimed by the parties respectively, and their relative positions, and for a proper understanding of the parol evidence in relation to the true dividing line between them.

The direction as to the manner of returning a commission must be *signed* by the officer settling the interrogatories; otherwise the depositions cannot be read in evidence.

Where, after the defendant has examined a witness to prove what a deceased witness swore to on a former trial, the plaintiff introduces a witness to rebut the testimony of the defendant's witness, the rule applicable to the case of a witness called to prove what a deceased witness swore to, in order to use it as evidence in chief upon the issues, does not apply.

In such a case the rule requires the witness on the stand to be able to state, from recollection or from his minutes taken at the time, the whole of the substance of what the deceased witness swore to. But it is not necessary that a witness called to rebut the evidence thus given should be able to state the whole of what the deceased witness testified to.

If he is able to testify to a portion of it, and if that changes the aspect or effect of the deceased witness' evidence as testified to by the defendant's witness, it is competent evidence.

Where a person called to prove the testimony of a deceased witness, given on a former trial, produces in court minutes of such testimony, taken by him at the

time, and states that he thinks he can recollect, or state from his minutes, all of the substance of what the deceased witness swore to; that he intended to take down the substance of all the material evidence he gave, and that he thinks he did so, this is sufficient to authorize him to testify to the evidence given by the deceased witness, and is all the rule requires, in any case.

MOTION for a new trial, ordered to be heard in the first instance at the general term.

The action was ejectment, for a strip of land about eight rods wide and about 300 rods long, claimed by the plaintiff as part of lot No. 38, and claimed by the defendant as part of lot No. 39, situated in the town of Addison, Steuben county. It was admitted on the trial that the title to the lot 38 was in the plaintiff, and to lot 39 in the defendant. These two lots lay side by side, extending lengthwise from the Canisteo river westwardly to the west bounds thereof; and the real question litigated was, where was the true line between said lots. On this question a large amount of evidence was given on both sides. Several legal questions arose in the course of the trial, which are referred to and disposed of in the opinion of the court. The cause was tried as the Steuben circuit in May, 1855, when the jury found a verdict for the plaintiff; whereupon the defendant made a case, upon which he now moved for a new trial.

*S. H. Hammond,* for the defendant.

*D. Rumsey,* for the plaintiff.

*By the Court,* WELLES, J. It was admitted upon the trial that Herman Pumpelly was originally the owner of the lots numbers 38 and 39, and that the parties derived their titles— the plaintiff to lot No. 38, and the defendant to lot No. 39, respectively—by virtue of conveyances from him. The plaintiff's counsel offered in evidence a deed from Charles Wilkes to the said Pumpelly, conveying 12,466¾ acres of land including lots No. 38 and 39, dated January 1, 1833, with a map annexed, for the purpose of showing the location of the tract conveyed; to which the defendant's counsel objected on the ground that the

Crawford *v.* Loper.

map was in no way authenticated as a correct map. The objection was overruled, and the deed and map were received in evidence, to which decision the defendant's counsel excepted. This, the defendant now alleges, was erroneous, and is one of the points made for a new trial. We do not discover any error in the admission of this evidence. The defendant, as well as the plaintiff, derived title from Pumpelly, and the map, being annexed, and referred to in the deed, thereby became a part of it. It was thus sufficiently authenticated, *quoad* these parties, who were directly in privity with it. It was proper to be laid before the jury as showing the locality of the lots Nos. 48 and 49, and their relative position to each other, and for a proper understanding of the parol evidence in relation to the true dividing line between them.

In the course of the trial the defendant's counsel offered in evidence the deposition of one John E. Deloss, taken under a commission which had been returned by mail to Charles W. Campbell, with a direction partly written and partly printed, indorsed upon it, in the words following, to wit: "This commission, when executed, is to be returned by mail to Charles W. Campbell, clerk of Steuben county, at Bath, Steuben county, New York." The counsel for the plaintiff objected to the reading of the deposition, on the ground that the direction was not signed by the officer settling the interrogatories, and insisted that inasmuch as the direction was not signed by such officer, there was no direction as to how the commission should be returned; and that therefore the commission and the evidence taken under it ought not to be received. The defendant's counsel insisted that the commission, being issued in pursuance of an order of the court, the direction indorsed upon it was presumed to be made by the proper authority, nothing appearing to the contrary; and that the commission and deposition ought to be received in evidence. The court sustained the objection, and excluded the commission and deposition, and the defendant's counsel excepted.

We think it clear that the deposition was inadmissible. The statute provides that the officer settling the interrogatories shall

indorse his allowance thereof, and annex them to the commission. That "upon the commission he shall direct the manner in which it shall be returned, and may, in his discretion, direct the same to be returned by mail to the clerk of the court out of which it shall issue," &c. (2 *R. S.* 394, § 15.) This provision, where the commission was returned by mail, cannot be dispensed with, except by the consent of the parties. Here was an entire failure to comply with it. (*Jackson* v. *Hobby*, 20 *John.* 357. *Richardson* v. *Gere*, 21 *Wend.* 156. *Smith* v. *Randall*, 3 *Hill*, 495. *Atherton* v. *Thomas*, *MS.* referred to in *Fleming* v. *Hollenback*, 7 *Barb.* 271.)

Washington Barnes, a witness for the defendant, called to prove what Samuel Colgrove testified to on a former trial of this action—it being admitted that said Colgrove had died since the said former trial—testified preliminarily as follows : "I knew Samuel Colgrove; he lived in Woodhull; I was present at the trial of this cause at a circuit court, held at Addison ; I took notes of his evidence on that trial." On being cross-examined he testified : "I was counsel for the defendant on that trial ; I can state, substantially, his evidence on that occasion ; I can state the substance of his testimony, but I cannot undertake to give his language ; and in stating the substance I may not use any of the words he used in conveying his idea. I think I can state his testimony in equivalent words of the same import; in some points, I think I can give it in the words he used." The plaintiff's counsel objected to Mr. Barnes' testifying to the evidence given by Colgrove, for the reason that he was not able and would not undertake to state precisely what Colgrove swore to on the former trial. The court overruled the objection, and Mr. Barnes testified at length as to the evidence of said Colgrove.

After the defendant had rested his proofs, the plaintiff's counsel called Ferral C. Dininny as a witness to prove what Colgrove swore to on the former trial, and he testified as follows : "I aided in trying this cause and taking minutes at the trial at Addison. I recollect that Samuel Colgrove was sworn as a witness. I think I recollect some of his evidence. I

Crawford *v*. Loper.

don't pretend or think that I recollect the whole of it. I think I recollect portions of it. The minutes I have are in my handwriting. I have looked over the minutes to refresh my recollection. I think I can recollect or state all, or the substance, of his evidence, with my minutes. I presume my minutes I have are not in his language. I intended to take down on my minutes the substance of all the material evidence he gave. I think I did so. Without reference to my minutes, at the time I am called upon to make the statement, I could not give his evidence in the order in which he gave it, nor as he gave it. I took my minutes on that occasion as I ordinarily do; I bestowed no more care." The witness was here inquired of by the plaintiff's counsel, as to portions of the evidence given by Colgrove, to which the counsel for the defendant objected, on the ground that it appeared from Mr. Dininny's evidence that with his recollection and his minutes he could not state all the evidence the witness Colgrove gave. The court overruled the objection, and decided that the witness might give such portions of the evidence as he could, from his recollection and from his minutes, although he was unable to give the whole of it; to which ruling the defendant's counsel excepted. Mr. Dininny then gave his evidence touching what the said Colgrove testified to on the former trial.

We think the evidence of Mr. Dininny was properly received. Mr. Barnes had been introduced by the defendant, and had given his evidence as to what Colgrove had sworn to. The evidence of Dininny was given to rebut that of Barnes, and in such a case the rule applicable to the case of a witness called to prove what a deceased witness swore to, in order to use it as evidence in chief upon the issues, does not apply. In such case the rule requires the witness on the stand to be able to state from recollection or from his minutes taken at the time, the whole of the substance of what the deceased witness swore to. It is not necessary that a witness called to rebut the evidence thus given should be able to state the whole of what the deceased witness testified to. If he is able to testify to a portion of it, and

if that changes the aspect or effect of the deceased witness' evidence as testified to by the witness introduced by the other party, it is competent evidence.

But we think, independent of that consideration, the evidence of Mr. Dininny was properly received. He was within the rule applicable to a witness called by a party seeking to avail himself of the testimony of a deceased witness as evidence in chief, according to the doctrine of the case of *Clark* v. *Vorce*, (15 *Wend.* 193, *affirmed* 19 *id.* 232,) which has been a leading case on the question. (*Huff* v. *Bennett*, 2 *Seld.* 337.) Mr. Dininny testified that he thought he could recollect or state from his minutes, all of the substance of what Colgrove swore to. That he intended to take down the substance of all the material evidence he gave, and he thought he did so. This was sufficient, and all the rule requires in any case. It was substantially the same as Mr. Barnes testified to, in his preliminary examination, to show himself qualified to testify as to the evidence of Colgrove. If that was so, even supposing it came short of qualifying him to speak on the same subject, the defendant is not at liberty to object to it, or to ask that a rule be applied to the plaintiff different from that which he insisted upon, and which was applied in his own favor.

The defendant makes the point, that the verdict is against the weight of evidence. We do not discover such a preponderance in the evidence in favor of the defendant as to justify us in granting a new trial for that cause.

The defendant makes several other legal points, but as they were not raised at the trial, we do not consider them on this occasion. The case concludes as follows : "The evidence here closed, and after argument of counsel and the charge of the court, the jury retired in charge of the proper officer, duly sworn for that purpose, and after deliberation came into court and rendered their verdict whereby they found in favor of the plaintiff that he recover the possession of the premises described in the complaint." There was no request of counsel as to how the jury should be instructed, no legal point of any de-

scription raised at any stage of the trial, except those above considered, and the charge of the court is not given.

The motion for a new trial should therefore be denied, and the plaintiff should have judgment upon the verdict.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]