## BANK OF SILVER CREEK a. BROWNING.

*Supreme Court, Eighth District; General Term, Sept.,* 1858.

EXAMINATION OF WITNESS BEFORE TRIAL.*—ORDER TO APPEAR NOT AN ORDER TO SHOW CAUSE.—MOTIONS, WHERE MADE.— FILING DEPOSITION NUNC PRO TUNC.—NEW PROMISE BY INFANT ON COMING OF AGE.

An order, requiring the adverse party to appear before the officer and attend the examination of a witness, is an order made out of court, and without notice, and the Code of Procedure authorizes such an order to be made by any judge of the court, in any part of the State.

---

* In DESHON a. PACKWOOD (*N. Y. Superior Ct.; Special Term,* 1862), it was *Held,* by HOFFMAN, J., that a court would not grant a commission to examine witnesses abroad, directing that their examination should be oral, and not on interrogatories.

In this action, the plaintiff claimed under an assignment made by the deceased husband of the defendant. The defence was that the husband, at the time of the execution of the assignment, was mentally incompetent and incapacitated to execute any instrument.

On the part of the plaintiff, upon the application for a commissioner to examine witnesses in another State, it was argued that the *indicia* of sanity or insanity are numerous, delicate, and difficult to anticipate; that, on the examination of the witnesses orally, new points and unexpected facts would, no doubt, arise, or be de-

It cannot be regarded as merely an order to show cause why the deposition should not be taken, and hence equivalent to a motion on notice, and therefore not proper to be made in the first district in an action triable elsewhere.

veloped, suggesting interrogatories to the witness, the necessity for which could not be foreseen ; and that, therefore, the usual course of compelling interrogatories to be annexed to the commission, should, under the circumstances of the case, and under the equity powers of the court, be departed from, and the witnesses be examined orally.

The judge stated, that in examining this question, which arose in Forest *a.* Forest, he had examined every case in the English Court of Chancery, pertinent to the question, from the time of Elizabeth down, and that in none of them had a commission issued without written interrogatories annexed. The statutes of this State, however, which were urged, and which had a bearing on the question, were then considered by the judge, and decided by him not to authorize a departure from this time-established rule.

The motion to examine the witnesses orally was then denied, and a commission in the usual form directed to issue.

In the case of CLAYTON *a.* YARRINGTON (*Supreme Court; General Term, March,* 1858), it was *Held,* that an order, granting a commission to take testimony abroad, may be upon condition that the applicant consent that the witnesses be also examined and cross-examined orally.

The action was brought by Sarah E. Clayton, by her next friend, against Ann Yarrington, and others, for the partition of real estate in the city of New York. The defendants set up that the deceased, through whom the plaintiff claimed as heir, left a will, which will, the plaintiff contended, was obtained by fraud, in which one Brush participated. Brush was a witness who had been examined upon interrogatories before the surrogate before whom the will was propounded.

Before the trial of the cause, the counsel for the defendants moved for an order that a commission issue to examine Brush, and another witness, in the State of Connecticut, upon written interrogatories. When the motion came on to be heard, the counsel for the plaintiff applied to have the order so made as to provide for an oral examination and cross-examination of the witnesses. But Mr. Justice Mitchell, before whom the motion was made, refused so to direct, stating, in substance, that he had great doubts as to the regularity of any such provision ; that he should grant the commission, and if upon the return thereof the depositions were not satisfactory, the counsel could apply for such order as he *might* deem himself entitled to. The counsel for the plaintiff not being then prepared with affidavits in respect to the question of the oral examination of the witnesses, the privilege of applying to the court to authorize it was reserved by order of the judge. The terms of the order were as follows : " That a commission issue in this action, to be directed to, &c., in the town of Greenwich, county of Fairfield, in the State of Connecticut, to examine on oath, upon interrogatories to be annexed to said commission, David Brush and Samuel Close, of Greenwich, in the said State of Connecticut, on the part of the defendants, except Charles H. Clayton ; and that the plaintiff have leave to join in the said commission ; and that the same may be returned by mail, addressed to the clerk of the county of New York ; and that all proceedings be stayed until the return of said commission.

It may be otherwise of an order, under the Laws of 1851, ch. 472, to show cause why the testimony should not be taken by a referee, to be appointed by a judge.

The neglect of a party, at whose instance testimony is taken conditionally, to file the original deposition within ten days, as required by 2 Rev. Stat., 393, may be cured by granting him leave to file it *nunc pro tunc.*

---

And, it is further ordered, that ten dollars, the costs of this motion, abide the event of this action. The question, whether the parties should not be allowed, also, to examine and cross-examine the witnesses orally, to be reserved, without delaying in the mean while the execution of the commission on interrogatories."

Five days afterwards, the counsel for the plaintiff, upon affidavits which he had meanwhile prepared, obtained an order to show cause why he should not have leave to cross-examine orally. The affidavits alleged, in addition to the circumstances above stated, that the cross-examination of the witness must necessarily be very long; that the witness Brush was intimately acquainted with the deceased for a great number of years, "and, as deponent well knows, is cognizant of many facts, which deponent, after a full and fair statement of the case to her said counsel, is advised by said counsel, and verily believes, to be exceedingly important upon the part of deponent. Deponent further says, that she verily believes that such facts cannot be elicited from said Brush by an examination on written interrogatories; that, in giving testimony upon written questions in the said matter before the said surrogate, said Brush has, in answer to many questions propounded on the part of deponent, and which deponent is advised by her said counsel, and believes, are material, stated substantially that he does not remember, or that he does not know, things which the deponent is fully aware are within the knowledge of said Brush; and deponent verily believes that if an oral examination could be had of said Brush, by enabling deponent's counsel to call particular attention to circumstances, and in varied forms,—and which deponent is advised by her said counsel, and verily believes it is almost impossible to do effectively by written interrogatories,—much material matter will be brought to the recollection of said Brush." The plaintiff's affidavit also made oath to the advice of counsel that the cross-examination asked for was essential to her interest and the purposes of justice in the action; and also contained an offer to bear and pay all the expenses of the execution of such commission, if an oral examination of said witnesses was granted to her, including in such expense such reasonable fee, as the court might designate, to any counsel whom the defendants might desire to employ to conduct the examination on their behalf, and to give such security as the court might approve for the payment of such expenses and counsel-fee.

It was also shown that no interrogatories had yet been served upon plaintiff's attorney.

The terms of the order to show cause, were, that the defendants show cause why the witnesses named in the order for commission made in this action, on the 2d of June, 1857, should not be orally cross-examined on the part of the plaintiff, and leave to so cross-examine be granted to the plaintiff; and why, unless the defendants consent to such oral examination, the order for commission should not be vacated; and why such further or other order or relief in the premises should not be granted to the plaintiff as may be just.

The opposing affidavits, presented by the defendants' counsel upon the return of the order to show cause, alleged that the witness was very ill; that the proposed examination would be alone upon the same questions and matters testified

An explicit acknowledgment, after coming of age, of a debt contracted in infancy, is not equivalent to a new promise, though it may be evidence from which the jury may infer a new promise.

to by the witnesses under the commission issued by the surrogate, and referred to in the moving affidavits ; and, further, that upon the taking of the deposition of Brush, as a witness under the commission issued by the said surrogate, the commissioners were obliged at short intervals to discontinue the examination for half an hour to an hour, in order to enable the witness to recover from the nervous excitement and fatigue to which the examination subjected him ; and that deponent verily believed if the witness should be subjected to an examination and cross-examination by counsel then present, that he would be physically unable to endure such examination, and that his deposition could not fairly be obtained.

*Albert Cardozo,* for the motion.

*Francis Dominick,* opposed.

Mr. Justice DAVIES, after hearing argument, granted the order ; and the terms thereof were settled as follows :—

"It is ordered that the counsel for the respective parties, or either of them, be, and they are, hereby, authorized and allowed to attend before the commissioners, upon the execution of the commission granted by order made in this action on the 2d of June, 1857, and orally examine and cross-examine said witnesses, or either of them ; such oral examination to be reduced to writing by the acting commissioner, and annexed to, and returned with, and as part of said commission. It is further ordered, that at least two days' previous notice, in writing, of the time and place of executing said commission, be served by the attorneys for the defendants on the plaintiff's attorney. It is further ordered, that in case the attorneys for the defendants, who moved for the commission, do not, within ten days after the service of a copy of this order, elect, and serve notice of such election on plaintiff's attorney, to permit the counsel for the plaintiff to examine said witnesses, and each of them orally, as authorized by this order, and to comply with the terms and conditions hereof, then the order, made at special term on the 2d of June, 1857, granting a commission, be, and the same is, hereby, vacated. The said order, made at special term on the 2d of June, 1857, is hereby modified in accordance with this order."

The court did not require the plaintiff to bear the expenses of the cross-examination.

The defendants appealed to the court at general term.

*Francis Dominick, M. S. Bidwell,* and *Mr. Cushing,* the attorney-general, for the appellants.

*Albert Cardozo,* for the respondent, urged, that leave having been reserved in the first order to move for the second, the two were to be construed together, and they amounted to a conditional order, by which the court, in its discretion, gave leave to examine on interrogatories upon terms involving a cross-examination. Moreover, the order appealed from was intrinsically right, for taking testimony by commission is an innovation not to be extended. (Dwinells *a.* Howland, 1 *Abbotts' Pr.,* 89.) The plaintiff ought not to be charged with the expense of the

Appeal from a judgment.

This was an action by a banking association formed under the general law, upon two drafts drawn by John G. Browning, the defendant. The defence was infancy.

The county named in the summons and complaint as that where the action was laid was the county of Chautauqua.

Some time before the trial, the defendant applied to a judge of the Supreme Court, in the first judicial district, for an order requiring the examination of his father, William Browning, as a witness; on the ground that he was aged and infirm, and would not be able to attend the trial.

The order was as follows.

[*Title of the cause.*]·

" Being satisfied, upon the application of the defendant, that the circumstances of the case require the examination of William Browning as a witness in this action, in order to attain justice between the parties, I require the plaintiff to appear before me, and attend the examination of the said witness, at my chambers in the City Hall, in the city of New York, on the 15th day of February instant, at 10 o'clock A. M. Dated New York, February 6, 1856." [*Signature.*]

Pursuant to this order, the witness appeared, and his examination was taken and duly certified; but, by inadvertence of the defendant, instead of filing the original deposition, a copy only was filed within the ten days after it was taken.

On an affidavit, excusing this neglect, he moved the court that the original be filed *nunc pro tunc*. This motion was heard when the cause came on at the circuit, and was granted, with leave to the plaintiff to except to receiving the deposition in evidence, on the ground of the irregularity of granting such order, or of neglecting to file the deposition.

After the evidence was given, the plaintiff requested the judge to charge the jury that, if it was proved to them that the

oral cross-examination, although she would still submit to bear it. He also objected that the appeal should be dismissed, for the order was not appealable, since it did not involve the merits. (Tallman *a.* Hinman, 10 *How. Pr.*, 90 ; St. John *a.* West, 4 *Ib.*, 332 ; Fitch *a.* Livingston, 4 *Sandf.*, 712.)

·The court,—present, DAVIES, P. J., CLERKE and SUTHERLAND, JJ.,—held the order right, and affirmed it, with costs. No written opinion was delivered.

defendant made an explicit acknowledgment of his indebtedness to the plaintiff after he became of age, that was equivalent to a new promise. The judge declined so to charge, but did charge the jury that such acknowledgment was evidence from which they might raise the presumption of a new promise; and the plaintiff excepted to the refusal to charge as requested. The judge then charged the jury substantially as follows: That the first inquiry for them would be to find, from the evidence, as to whether the defendant was twenty-one years of age at the time he gave the drafts in question; and, in determining that question, it made no difference whether he was one day less than twenty-one years of age, or twenty years less. He further stated, that if they were satisfied that the defendant was under twenty-one years of age at the time he drew the drafts and got the money, they would then find whether the defendant had ratified his indebtedness to the plaintiff by a new promise after he became of age. He further stated, that an explicit acknowledgment of the debt, after the defendant became of age, was not sufficient to create a new promise, unless the evidence satisfied them that the defendant had made a new promise after coming of age. That it was proper for the jury to look to the testimony of witnesses as to the declarations of the defendant to each of them respecting his indebtedness to the bank, in connection with the other evidence in the case, to determine whether the defendant had made a new promise; but that no admission of the indebtedness, by the defendant to the plaintiff, was sufficient of itself to constitute a new promise, unless the jury were satisfied that such new promise was made: to which the plaintiff's counsel excepted.

The jury rendered a verdict for the defendant.

From the judgment entered on this verdict the plaintiff appealed.

*C. Tucker*, for the appellant.

*D. Sherman*, for the respondent.

By THE COURT.*—MARVIN, J.—Had the justice in the first district authority to make the order, and take the examination

---

* Present, GROVER, P. J., GREEN, MARVIN, and DAVIS, JJ.

of William Browning? By the Code, "Every direction of a court or judge, made or entered in writing, and not included in the judgment, is denominated an order." (§ 400.) An application for an order is a motion. Motions must be made within the district in which the action is triable, or in a county adjoining that in which it is triable, except that when the action is triable in the first judicial district the motion must be made therein, and no motion can be made in the first district in an action triable elsewhere. Orders made out of court, without notice, may be made by any judge of the court in any part of the State. (§ 401.) The proceeding to take the testimony of a witness conditionally, is under the Revised Statutes. The application is to be made to any judge of the court, upon an affidavit stating certain facts; and the judge is authorized to make an order, requiring the adverse party to appear before him, and attend the examination of such witness, at such time and place, &c. At the time and place named, the adverse party may show cause against proceeding in such examination, by proof of certain facts. If no cause be shown, and upon proof of service of the order, &c., the officer granting the same is to proceed and examine the witness, &c. (2 *Rev. Stat.*, 392, §§ 2–5.) Thus, it is seen that an order, requiring the adverse party to appear before the officer and attend the examination of a witness, is an order made out of court, and without notice; and the Code of Procedure expressly authorizes such an order to be made by any judge of the court, in any part of the State. The counsel for the plaintiff argues that the order was, at most, but an order to show cause why the deposition should not be taken, and that such an order is equivalent to a motion on notice. It is true, that the statute gives to the adverse party the right to show cause against proceeding in such examination, by proving certain facts; but it does not follow that the order made by the judge, requiring the party to appear, and the examination, is nothing more than an order to show cause. On the contrary, it is an absolute, peremptory order to appear, and attend the examination of the witness. Cause may be shown why the judge should not proceed in the examination, and then he is simply to dismiss the application. I have not overlooked the act of 1851, ch. 472, referred to by the counsel, amending the Revised Statutes. This statute confers additional power on the

officer. He may, in his discretion, make an order requiring the adverse party to show cause why the testimony should not be taken by a referee, to be appointed by him, &c. This, under our present practice, is a convenient additional power. It would enable a judge, in the district where the action is triable, to appoint a referee to take the testimony of a witness in any other part of the State. But the act of 1851 does not affect the construction above given to the Revised Statutes and the Code.

. In my opinion, the justice in New York had authority to make the order and to take the examination.

The objections relating to the filing of the depositions *nunc pro tunc*, are all answered by the case of Burdell *a*. Burdell (1 *Duer*, 625). I fully concur in the opinion of Judge Bosworth, and the case is in point.

This brings us to the 'exceptions to the charge, &c. The action was upon two drafts, drawn by the defendant on a house in New York. The defence was that the defendant was an infant when he drew the drafts. The defendant gave evidence tending to show that he was an infant. The plaintiff proved certain transactions of the defendant after he had attained his majority. In conversation with Mr. Jew, the president of the plaintiff, the defendant said he had the money of the plaintiff, and that it was a just debt, and ought to be paid. Mr. Jew requested him to pay the draft. He replied, I cannot do it now ; I might have done it a few days ago; that the plaintiff ought to have its pay. To another witness, he stated that he got the money from the plaintiff, and the plaintiff ought to have the pay. The money obtained by the defendant was used in purchasing butter, which was consigned by the defendant to the drawees and acceptors of the bills in question, in New York. They had failed. The plaintiff requested the judge to charge the jury, that if it was proved to them *that the* defendant made an explicit acknowledgment of his indebtedness to the plaintiff after he became of age, that it was equivalent to a new promise. The judge declined so to charge, but did charge that such acknowledgment was evidence from which the jury might raise the presumption of a new promise. The plaintiff excepted to the refusal to charge as requested. The judge submitted the question as to the infancy of the defendant; and then, in case the jury should find he was an infant, the question

whether he had ratified his indebtedness to the plaintiff by a new promise after he became of age. He told the jury that an explicit acknowledgment of the debt after the defendant became of age was not sufficient to create a new promise, unless the evidence satisfied them that the defendant made a new promise after coming of age. The plaintiff excepted. In Gay a. Ballou (4 *Wend.*, 403), SUTHERLAND, J., says, "When the plaintiff's demand is not for necessaries, and the issue is upon a new promise after the defendant came of age, an express promise must be proved; because, there never having been any legal obligation on the part of the defendant, he cannot be legally liable without such promise." (See Millard a. Hewlett, 19 *Ib.*, 301.) In Parsons on Contracts (vol. i., 269), it is said, a mere acknowledgment that the debt existed, or that the contract was made, is not enough. It need not be a precise and formal promise, but it must be a direct and express confirmation, and substantially (though it need not be in form) a promise to pay the debt or fulfil the contract. It must be made with the deliberate purpose of assuming a liability from which he knows that he is discharged by law, and with no compulsion, and to the party himself or his agent. Numerous cases are cited by *Parsons;* and see *Greenl. Ev.*, § 367 ; Goodsell a. Myers, 3 *Wend.*, 479. The charge of the judge came fully up to the cases.

The motion for a new trial should be denied, with costs, and the defendant should have judgment.*

---

* We understand that this decision was affirmed by the Court of Appeals, December, 1862.