## SUPREME COURT.

### JARED GOODYEAR agt. ELIJAH M. VOSBURGH.

There is no case which holds that the *clerk's* name is essential to the validity of a *commission* issued to take testimony.

Where the commission is issued by the authority of the court, the signature of the judge is sufficient, without the signature of the clerk.

Where the return of a commissioner shows, that the witness was duly and publicly sworn, pursuant to the directions "hereunto annexed and examined," with a reference to the provisions of the Revised Statutes, which are annexed and constitute a part of the commission, the return is sufficient. There is nothing in the statute which requires a separate *certificate*.

Where the Statute has been substantially complied with in the return, the deposition should not be excluded, except upon the clearest grounds of error, amounting to something more than a mere irregularity.

Where the *stipulation* between the attorneys authorized the plaintiff's attorney to direct upon the back of the commission the manner in which it should be returned, and that the commission and deposition "shall be returned by mail to S. Estes, Esq., clerk," &c; and the plaintiff's attorney did direct that the commission be returned to the county clerk, but did not direct that it should be returned by mail; but it appeared that *in fact* it had been returned by mail in pursuance of the stipulation.

*Held,* that the stipulation did not require that the attorney should direct *in terms* that the commission should be returned *by mail,* but generally the manner in which it should be returned, and, in accordance with this, a direction was made to return it to the county clerk. This was a compliance with this provision of the stipulation, as to the manner of the return. The omission to state that it should be returned by mail, did not, of itself, violate the terms of the stipulation and vitiate the deposition.

But even if it was erroneous, the error is substantially obviated by a compliance with another provision of the stipulation that it shall be returned by mail.

*Third Judicial Department, Plattsburgh, General Term, July,* 1870.

*Before* MILLER, POTTER and PARKER, *JJ.*

EXCEPTIONS ordered to be heard in the first instance at the general term. The case was tried at the Otsego circuit in January, 1870, before one of the justices of this court and a jury.

The action was brought for entering upon land, consisting of a wood lot of about fifty acres, on lots 191 and 192 of Wallace patent, in the town of Oneonta, and cutting down and carrying away pine timber. The answer justified under an alleged title of the wood lot in the wife of the defendant. The plaintiff claimed title under an assignment of a lease of the wood lot made by John and Nicholas Beams, on the eleventh day of November, 1833, and a written bill of sale by which John and Nicholas Beams conveyed the timber standing upon the fifty acres in question. James G. Walley was the subscribing witness to both of these instruments. No question was made that his signature to the assignment of the lease was not genuine, but the principal question of fact litigated on the trial was whether the name of Walley attached as a witness to the bill of sale was really his signature. Upon this question a number of witnesses was sworn on both sides, and objections were made to the admission of evidence and exceptions taken to the ruling of the justice, which are discussed in the opinion. The deposition of Nicholas Beams taken under a commission was also offered in evidence, objected to and excluded, and exception taken, which is also discussed in opinion. The jury, after the charge of the judge, rendered a verdict in favor of the defendant, and the court stayed proceedings upon the verdict, and ordered the exceptions to be heard in the first instance at the general term.

E. COUNTRYMAN *for plaintiff*.
L. L. BUNDY *for defendant*.

*By the court*, MILLER, P. J.—It is insisted by the defendant's counsel, that the court erred upon the trial in rejecting the deposition of Nicholas Beams taken upon commission in the state of Wisconsin. The grounds of objection urged to the admission of this testimony are: *1st*. That the

Goodyear agt. Vosburgh.

commission was a nullity without the signature of the clerk. 2d. That the direction of the commission omits to state the manner in which it shall be returned; and 3d. That there was no sufficient return by the commissioner. It was stipulated between the attorneys, that the plaintiff's attorney might " direct upon the back of said commission the manner in which said commission shall be returned," and that the commission and deposition " shall be returned by mail to S. Estes, Esq., clerk," &c. The plaintiff's attorney did direct that the commission be returned to the county clerk, and the court rejected the deposition upon the sole ground, that he failed to comply with the stipulation by directing that it should be returned *by mail*. It appeared that the commission had in fact been returned *by mail*, in pursuance of the stipulation. The objections urged to the introduction of this evidence are purely technical in their character, and therefore unless they can be sustained by the application of strict rules, cannot be upheld.

The commission was issued by the authority of the court, and the signature of the judge was sufficient (2 *Wh. Pr.* 3 *cd.*, 320, 321), without the signature of the clerk. It would be more in accordance with the forms in the books, if the clerk's name had been signed, but this is purely formal. There is no case which holds that the clerk's name is essential to the validity of the commission, and this objection is not well taken, nor is there any valid objection to the return of the commissioner. It shows that the witness was duly and publicly sworn pursuant to the directions hereunto annexed " and examined" &c., thus referring to the provisions of the Revised Statutes (2 *R. S.*, 304, § 16), which were annexed and constituted a part of the commission and thus conforming substantially with its requirement. There is nothing in the statute which requires that there should be a separate certificate, and I have been unable to discover any decision which holds, that where the depositions show that the statute has been substantially followed, that the

deposition should be excluded. *Bailiss* agt. *Cochran*, (2 *Johns.*, 417), which is cited by the defendant's counsel holds that the statute must be complied with, the objection being in that case, that it did not appear that this had been done which is not the fact in the case before us. In *Flem-ing* agt. *Hallenbeck*, (7 *Barb.*, 271), which is also relied upon, it was decided that the deposition taken under a commission could not be received in evidence, unless the return of the commissioners is indorsed on the commission, and that it is not a compliance with the statute, for the commissioners to make return upon a separate piece of paper, and annex it to the commissions or depositions. The return was not indorsed in the case last cited, while in the case at bar, the commissioner has indorsed on the back of the commission the words, "the execution of this commission appears in certain schedules hereto annexed," and signed his name as commissioner, thus strictly and in every sense complying with the statute, as the papers accompanying the return show, that the witness was properly sworn and examined, and that the proper oath was administered. While care should be taken in conforming to the provisions of the statute, so as to prevent imposition and fraud when testimony is taken in this form, it will not do, to invoke a rule so strict and technical, that it can scarcely ever be enforced without depriving the party of the benefit of the deposition. It is enough, I think, in these cases, that the statute has been substantially carried out, and where this has been done, the party objecting should not be permitted upon a trial in court, to exclude this species of evidence, except upon the clearest grounds, and something beyond a mere irregularity.

The remaining objection relates to the omission of the attorney to direct that the commission be returned by mail. This was the ground upon which alone it was rejected upon the trial, and the judge stated he had some doubt as to this point, and must therefore hold that it was not properly in

court, and could not be read. The stipulation did not require that the attorney should direct *in terms* that the commission should be returned *by mail,* but generally the manner in which it should be returned ; and, in accordance with this, a direction was made to return it to the county clerk. This was a compliance with this provision of the stipulation. It directep the *manner* in which it should be returned, when it stated the *person,* his official title, and place of residence ; and the omission to state that this should be done by mail does not of itself violate the terms of the stipulation and vitiate the deposition. But even if it was erroneous, is not the error substantially obviated by a compliance with another provision of the stipulation that it shall be returned by mail ? It is evident that the direction on the commission in connection with the subsequent agreement that it " shall be returned by mail," contemplated a return in no other manner, and if taken together, as I think they should be, they establish that the commission was properly executed. It was enough to direct generally to the clerk, in connection with the express provision as to how the papers were to be forwarded. Had the stipulation been annexed to the commission there would be no doubt about it whatever ; and it does not, in my opinion, alter the case because it is on file. A complete answer to the objection is, that a direction was given, and that the stipulation was complied with. The defendant's attorney stipulated that it might be sent by mail, and it was done accordingly. Does it lie then in his power to repudiate the stipulation, and say, that it has been fulfilled, but you did not give as full directions as might have been given ? I think not, and inasmuch as this commission has been forwarded exactly according to the agreement, I cannot resist the conclusion that the defendant has waived the alleged informality. We have been referred to a number of cases, which very properly hold that the Statute must be complied with, and I have examined them with some care to ascertain whether

they were inconsistent with the admissibility of the deposition in this case under the stipulation, and have arrived at the conclusion, that many of them are in conflict with the views I have expressed.

In *Richardson* agt. *Gere* (21 *Wend.*, 156) there was a direction on the commission to return to the clerk, without specifying that it should be returned by mail, and it was held that it was improperly sent *by mail*. The court say it is clear that the return *by mail* is admissible *only* by the permission of the officer in the exercise of his discretion." It will be seen that the return in this manner could only be made by some authority which was not given, while in the case now considered it was done by *express stipulation*, which obviates the difficulty. In *Smith* agt. *Randall* (3 *Hill.*, 495) it was decided that a justice of the peace, on issuing a commission to examine witnesses, must direct *the manner in which it shall be returned*, and, if he omit to do so, the deposition cannot be read in evidence. Here was neither directions or a stipulation, and there is no doubt of the soundness of the rule laid down (*see* 1 *Wend.*, 249).

In *Hall* agt. *Barton* (25 *Barb.*, 274), where the commission was issued out of a justices court. and it was held that when the body of the commission contains an explicit direction in respect to the return of such commission, this is sufficient, although there be *no direction indorsed on the back of it*. By parity of reasoning, when the stipulation shows how the commission should be returned, it is enough, and the case cited sustains the position that it should control.

In *Crawford* agt. *Loper* (25 *Barb.*, 449) it was decided that the direction as to the manner of returning a commission must be signed by the officer settling the interrogatories, otherwise the deposition cannot be read in evidence. The learned judge says, " This provision cannot be dispensed with, except by the consent of parties." It follows then if they stipulate, that the consent thus given should control.

None of these cases hold, that under the circumstances

Goodyear agt. Vosburgh.

existing here, that a deposition taken under the commission was improper evidence, and I am indisposed to strain a point in rejecting evidence which had an important bearing upon the controversy in this case. While care should be taken that testimony taken in this manner should be given as required by law, I am of the opinion that objections of this character, which do not affect the merits, and at most are mere irregularities, would more properly be presented on motion at special term, and I concur with the remark of MORGAN, J. in *Burrill* agt. *Watertown Bank and Loan Co.* (51 *Barb.*, 108, 115) that, "mere formal objections to the return of a commission will not, in general, be regarded at the trial, and I think the practice is a good one, which requires the party objecting on such ground, to move the court, before the trial to suppress the deposition, in order to avail himself of them." Such a practice is far better calculated to protect the rights of parties, and should be invoked, so as to limit objections to the competency of the witness, and the admissibility of his evidence, and to cases where the defects are entirely jurisdictional, and cannot be obviated (*see Kimball* agt. *Davis,* 19 *Wend,* 437, 439; *Union Bank* agt. *Torrey,* 5 *Duer,* 628; *Zellweger* agt. *Caffe,* 5 *Duer,* 100; *Sheldon* agt. *Wood,* 2 *Bosew,* 269, 280, 2 *Wh. Pr.,* 3d ed., 324). The suggestions made in the authorities last cited, as to formal defects are endorsed freely in *Rust* agt. *Eckler* (41 *N. Y.,* 492, 497), a recent case reported since the argument of the case at bar. In this case, the defendant had abundant opportunity to make such a motion, as several months elapsed after the commission and deposition were filed before the trial. It is apparent that the court erred in rejecting the deposition.

New trial granted, with costs, to abide the event.

POTTER and PARKER, JJ. concurred.