MATHIAS RACHAC *vs.* W. Q. SPENCER.

Argued Jan. 14, 1892. Decided April 1, 1892.

Depositions—Authentication of—Informality in.—The omission of the official seal to the certificate of authentication of a deposition taken before a notary public in another state in pursuance of 1878 G. S. ch. 73, §§ 36, 37, *held* to be an informality merely, under section thirty-nine (39) of the same chapter, and not alone sufficient to warrant the rejection of the deposition on the trial.

Appeal by defendant, W. Q. Spencer, from an order of the District Court of Hennepin County, *Canty*, J., made September 5, 1891, refusing his application to that court for a new trial of the action.

The plaintiff, Mathias Rachac, brought this action to recover a balance of $156.40 of the agreed price for seeding six hundred and twenty (620) acres of land in Traill County, North Dakota, in April and May, 1889, at one dollar per acre. The defendant by his answer made a counter claim for wheat sold and delivered to the plaintiff. By his reply the plaintiff denied the purchase of the wheat. After issue joined the plaintiff gave notice, and took the depositions of himself and John Carmody to be used as evidence on the trial. These depositions were taken April 9, 1891, at Hillsboro, North Dakota, by and before John W. Plunkett, Esq., a Notary Public. At that time and place the plaintiff and Carmody appeared and gave their evidence. The defendant did not appear. To the depositions the officer appended his signature in the form prescribed by 1878 G. S. ch. 73, § 37.

There was no notarial or other seal impressed upon or attached to this certificate. The depositions were received and filed in the office of the clerk of the District Court in Hennepin County. No notice was given of the return of the depositions, nor was any motion made to suppress them. The action was tried May 18, 1891. When the plaintiff offered the depositions in evidence, the defendant objected to their reception, on the ground that no notarial seal was attached to the certificate of the notary. The court overruled the objection and received the evidence, and the plaintiff excepted to the ruling. The plaintiff obtained a verdict for $141.88. The defendant on notice moved for a new trial for errors in law occurring at the trial, and excepted to by him. The motion was denied and he appealed from the order.

*Spooner & Taylor*, for appellant.

Judicial notice is taken of the seal of a notary public. It is recognized by the commercial world. The general rule as to a seal outside the State or country of the official using it is, that it must be proven before it can be accepted as the seal it purports to be. The signature of the notary to an instrument going to a foreign country must be authenticated in some official manner. It is usually done by the Consul or other representative in that country. But in the case of a protest made upon the nonacceptance or nonpayment of commercial paper, the notarial seal is always sufficient of itself. This general rule is based upon the necessity of protecting people and courts from being imposed upon by fraudulent practices. The cases where the validity of a notary's acts have come in question, involve the character of the seal or the place where it was attached to the paper, or the sufficiency of the seal itself, but all seem to recognize the necessity of a notarial seal as a means of authentication, and especially so where there is no other authentication. In Iowa it is held that the absence of a seal on depositions taken in another state invalidates it. *Stephens* v. *Williams,* 46 Iowa, 540. In several instances this court has held instruments invalid because their authentication was not impressed with the officer's official seal. *De Graw* v. *King,* 28

Minn. 118; *Colman* v. *Goodnow,* 36 Minn. 9; *Thompson* v. *Scheid,* 39 Minn. 102.

*Carmody & Leslie,* for respondent.

The objection to the depositions comes too late. A deposition will not be suppressed at the trial on a technical point that could have been cured if known before. Courts hold that a motion to suppress a deposition for any defect which could have been cured or avoided by a retaking of the deposition or otherwise, must be made before the trial is actually commenced. *Doane* v. *Glenn,* 21 Wall. 33; *York Co.* v. *Central Railroad,* 3 Wall. 107; *State* v. *Dunn,* 60 Mo. 64; *Bell* v. *Jamison,* 102 Mo. 71; *Parker* v. *Chancellor,* 78 Tex. 524; *Wright* v. *Cabot,* 89 N. Y. 570; *Vilmar* v. *Schall,* 61 N. Y. 564; *Newton* v. *Porter,* 69 N. Y. 133.

Courts do not look with favor on technical objections to depositions, and they will not allow a deposition to be suppressed after the trial of an action is begun, and thereby deprive the party of proper and legitimate evidence, if the only reason therefor is a defect that could have been avoided had the party been apprised of it before.

Appellant refers to decisions of this court which hold that an assignment for the benefit of creditors, a lien claim, and an acknowledgment of a chattel mortgage, are all void unless the seal of the notary is attached. There is no statute that cures any defects in those cases, but there is in case of depositions. 1878 G. S. ch. 73, § 39.

In Massachusetts a certificate to a deposition is *prima facie* proof of the official character of the person taking the same, and the burden of proof lies on the party objecting. *Adams* v. *Graves,* 18 Pick. 355; *McKinney* v. *Wilson,* 133 Mass. 131.

VANDERBURGH, J. It is provided by 1878 G. S. ch. 73, § 36, that whenever the testimony of any person without this state is wanted in any civil action in any court in this state, the same may be taken by and before any officer authorized to administer an oath in the state or territory in which the testimony of such person may

be taken, upon notice to the adverse party of the time and place of taking the same. ·Section thirty-seven (37) prescribes the manner in which the deposition shall be taken, and the nature of the certificate of authentication. "The officer taking such deposition shall annex thereto a copy of the notice or order, and a certificate under his hand and official seal, (if he have one,) stating what office he held and exercised when taking such deposition, and that by virtue thereof he was then and there authorized to administer oaths, * * * and that each of such depositions were taken pursuant to such notice, and who, if any one, examined for the parties respectively. Such certificate shall be *prima facie* evidence of the matters therein stated."

The depositions, when returned, shall be opened, and subject to the inspection of either party. It is further provided by section thirty-nine (39) that "no informality, error, or defect in any proceeding under this statute shall be sufficient ground for excluding the deposition, unless the party making objection thereto shall make it appear to the satisfaction of the court that the officer taking such deposition was not authorized to administer an oath then and there, or that such party was by such informality, error, or defect precluded from appearing and cross-examining the witness, and every objection to the sufficiency of the notice or to the manner of taking or certifying or returning such depositions shall be deemed to have been forever waived, unless such objections are taken by motion to suppress such depositions, which motion shall be made within ten days after notice in writing of the return thereof." It will be noticed that the depositions taken under sections thirty-six (36) and thirty-seven (37) must be taken before an officer authorized to administer an oath, and this must appear by the certificate.

In the case before us the plaintiff served notice in due form upon the defendant's attorneys that the deposition of the plaintiff as a witness in this action would be taken before "John W. Plunkett, Esq., a notary public, duly authorized by the laws of North Dakota to administer oaths therein," at the time and place therein mentioned.

The officer's certificate was in the statutory form. It recited that

he was a notary public, and exercised the power of that office in taking the depositions, and that by virtue thereof he was authorized to administer oaths, concluding as follows: "Witness my hand and seal this 9th day of May, A. D. 1891. [Signed] J. W. PLUNKETT, Notary Public, Traill County, N. Dakota,"—but no seal was attached.

The deposition was duly filed, but no notice of the return thereof was served. The defendant's counsel therefore objected at the trial that the deposition was inadmissible, on the ground that the certificate was not under the seal of the officer. No other objection was raised. Further than this it was not claimed or attempted to be shown that the officer by whom the certificate purported to be signed was not such officer, or that he was not duly authorized to administer oaths "then and there."

Under the broad provisions of section thirty-nine, (39,) we are of the opinion that the omission of the seal was not necessarily fatal. We cannot say that the certificate was a nullity. If it must be considered a nullity notwithstanding the saving clauses in section thirty-nine, (39,) then the defect would not be waived by the failure of the defendant to move to suppress, if a notice of the return of the deposition had been duly given. But we think that the omission of the seal would not have been fatal in that case. The certificate, which is intended by the statute to be the *sole* authentication of the deposition, was not then a nullity. And we think it should be held good in this case, unless it was made to appear that Plunkett was not authorized to administer an oath "then and there." It might be shown, if such were the case, that the laws of Dakota did not so authorize, or that he was not an officer. Notice had been duly served of the taking of the deposition before him as a notary; and, though the defendant's attorneys were not obliged to move to suppress, they knew that the plaintiff intended to take and use a deposition which was taken before him, pursuant to the statute. We think the construction put upon the statute should be sustained, and will work no injustice or prejudice in practice. It would have been sufficient if it had been taken before a justice of the peace without other authentication than his signature. The case is clearly distinguishable from *De Graw* v. *King*, 28 Minn. 118, (9 N. W. Rep. 636,)

and *Colman* v. *Goodnow*, 36 Minn. 11, (29 N. W. Rep. 338,) where a complete record had to be made within a specified time, and there was no saving clause in the statute.

Order affirmed.

GILFILLAN, C. J., did not sit.

(Opinion published 51 N. W. Rep. 920.)

