KINKADE v. HOWARD.

Rev. Code Civ. Proc. § 520, provides that a deposition taken before a notary public shall be admitted in evidence on the notary's certificate and signature under his official seal, and no further authentication shall be required. Held, that the failure of a notary to sign the certificate to a deposition in his official capacity, and affix his seal thereto, is not a substantial defect, within section 153, requiring the court to disregard defects not affecting the substantial rights of the adverse party, where such signature and seal are placed on the page preceding the certificate.

(Opinion filed April 5, 1904.)

Appeal from Minnehaha county court; Hon. DANA R. BAILEY, County Judge.

Action by L. E. Kinkade against C. K. Howard. From a judgment for defendant, plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant.

*Winsor & McNaughton,* for respondent.

FULLER, J. This appeal is from a judgment in favor of the defendant, and an order overruling a motion for a new trial, in an action based upon the following instrument: "500.00. Sioux Falls, S. D., February 28, 1900. One year after date I promise to pay to L. E. Kinkade Five Hundred Dollars at her office, value received, with interest at no per cent. per annum from date until paid. This note not negotiable. C. K. Howard." If the deposition of respondent was properly admitted in evidence, the following allegations of the answer stand proved, and their sufficiency as a defense is not questioned: "That at the time of the execution of said note, and prior thereto, the said Shanny Kinkade was engaged in the business of keeping a gambling house in the city of Sioux Falls, South

Dakota, and that defendant, while in a state of intoxication, gambled at games presided over and directed by the said Shanny Kinkade, and became indebted to the said Shanny Kinkade for money lost to him at gambling in the sum of five hundred ($500) dollars, and that, at the request and instance of the said Shanny Kinkade, this defendant made, executed, and delivered to the said Shanny Kinkade the note set out in the plaintiff's complaint. And the defendant, further answering, alleges that the above indebtedness, incurred as above set forth, was the only and sole consideration for the making, executing, and delivering of the said note; that defendant did not see the said plaintiff, is not acquainted with said plaintiff, and received no consideration in any manner or form from the said plaintiff for the making, executing, and delivery of said note." The deposition, including the certificate of the notary public, consists of 10 typewritten pages, all attached together by the use of ordinary paper fasteners, and the caption thereto is as follows: "Deposition of C. K. Howard taken before Roy D. Frank, a notary public within and for the County of Pennington and State of South Dakota, pursuant to the annexed notice and at the time and place mentioned therein, to be read in evidence on behalf of the defendant in an action pending in the county court in and for the county of Minnehaha, state of South Dakota, in which L. E. Kinkade is plaintiff and C. K. Howard is defendant, the plaintiff, L. E. Kinkade, appearing by A. K. Gardner, Attorney, and the defendant, C. K. Howard, appearing in person and by Chauncey L. Wood, his attorney. Said deposition was taken on oral examination by plaintiff and oral cross-examination by defendant C. K. Howard, of lawful age by me first duly sworn as hereinafter certified deposeth and sayeth." Im-

mediately below the signature of C. K. Howard, written near
the bottom of page 9, and at the conclusion of his testimony,
there appears an impression of the notary seal of Roy D. Frank,
together with the following jurat: "Subscribed and sworn to
before me this 7th day of April, 1902. Roy D. Frank, Notary
Public." Just below this there is a stipulation of counsel au-
thorizing the notary to make a copy of a certain exhibit and re-
turn the original to Joe Kirby. Without any further impres
sion of his seal, the notary closes the deposition on page 10
with the following certificate: "State of South Dakota, County
of Pennington—ss.: I, Roy D. Frank, a notary public in and
for the county of Pennington and state of South Dakota do
hereby certify that C. K. Howard the witness who testified,
was by me first duly sworn to testify the truth, the whole
truth and nothing but the truth and that the deposition by him
subscribed as above set forth was reduced to writing by myself
in the presence of the said witness and was subscribed by said
witness in my presence and was taken at the time and place in
the annexed notice specified. And I further certify that I am
not an attorney for, an employee of or related to any of the
parties to said suit or in any way interested in said suit. Roy
D. Frank." On the ground that this deposition is not properly
authenticated by reason of the omission of the seal, counsel for
appellant objected at the proper time, and, to the court's ad-
verse ruling, saved an exception.

Without expressly declaring a seal to be essential to the
validity of a deposition or certificate, our statute provides that
a deposition taken before a notary public "shall be admitted in
evidence upon the certificate and signature of such officer un-
der * * * his official seal, and no other or further act or

authentication shall be required." Section 520, Rev. Code Civ. Proc. It appears to be well settled that, unless the statute expressly provides that a seal is necessary to the validity of a certificate, its absence will not justify the rejection of the deposition, if the authority of the officer is otherwise sufficiently shown; the prevailing practice being to admit a deposition in evidence if the court is satisfied that it was taken in the manner provided by law before an authorized officer, and has not been tampered with to the detriment of the adverse party. Rachac v. Spencer, 49 Minn. 235, 51 N. W. 920; Mills v. Dunlap, 3 Cal. 94; Borders v. Barber, 81 Mo. 636; Sleep v. Heymann, 57 Wis. 495, 16 N. W. 17; Den ex rel Crowther v. Lloyd, 31 N. J. Law 395. In this case appellant is not prejudiced, and there is no intimation that the officer in question was not duly authorized to administer an oath to the witness, take his deposition, and make the certificate, to which no other objection is interposed. No substantial right of the adverse party being in any manner affected, it was the duty of the trial court to disregard the irregularity complained of, in accordance with section 153 of the Revised Code of Civil Procedure. Western Twine Co. v. Wright et al., 11 S. D. 521, 78 N. W. 942, 44 L. R. A. 438. It affirmatively appears from the deposition that the witness was duly sworn, and that everything required of the officer was done in the manner provided by statute; and the impression of the notary seal upon page 9, instead of page 10, sufficiently shows the official character of the officer. Osgood v. Sutherland (Minn.) 31 N. W. 211. Where, as in this case, it clearly appears upon the face of the deposition, and from the seal and signature of the notary, that, conformably to the statutory method, the same was taken and sworn to before an authorized

officer, the mere failure to sign the certificate in his official capacity, and affix his seal thereto, is not a fatal irregularity, when the same is placed on a preceding page; and the judgment appealed from is affirmed.