EDWARD D. SMITH *vs.* WILLIAM GRONEWEG and another.

February 12, 1889.

**Deposition—Irregularity held not Fatal.**—Where depositions are taken upon notice under Gen. St. 1878, *c.* 73, § 36, and the parties attend and take part in the examination of the witnesses, and there is no suggestion that the depositions are not full and complete and returned in the same condition in which they were taken, the omission of the witnesses to sign or mark each separate sheet containing the evidence may be treated as an irregularity merely, and the decision of the trial judge, who had an opportunity to inspect the original record, refusing to suppress the deposition, will not ordinarily be disturbed by this court.

**Immaterial Evidence.**—The ruling of the trial court rejecting certain evidence as immaterial sustained.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial after verdict for defendants.

*Rockwood & Collom* and *Ell Torrance,* for appellant.

*Hart & Brewer,* for respondents.

VANDERBURGH, J.    Certain depositions on the part of the defendants were taken under the notice authorized by Gen. St. 1878, *c.* 73, § 36. They were only received and filed the day before the trial, and the appellant was entitled to raise any objection to them which might have been urged upon a motion to suppress.    When the depositions in question were offered in evidence on the trial of this case, the plaintiff moved to suppress them on the ground that they were not properly attested by the witnesses.    Each witness was cross-examined by the plaintiff's attorney.    The testimony of each was written upon two or more pieces of paper, but was signed by him at the end of his testimony on the last page; none of them otherwise signed his name or made his mark upon any separate sheet upon which any portion of his testimony was written.    The jurat of the notary appeared at the end of each deposition, and the same was duly and properly certified by him as provided by statute.    The object of the provisions of the statute under consideration in this case

is to prevent fraud or mistake through changes or omissions in the record of the testimony. But where the depositions are taken in the presence of the parties, such changes could hardly occur without detection, and it would be their duty to call attention to the omission at the time, if they intended to insist upon a strict compliance with the provision referred to. Under such circumstances, and in the absence of any suspicion that the depositions are not full and complete, and received in the same condition in which they were taken, the omission should be treated as an irregularity merely, which prejudiced neither party. *Goodyear* v. *Vosburgh*, 41 How. Pr. 421; *Kimball* v. *Davis*, 19 Wend. 437; *Semmens* v. *Walters*, 55 Wis. 675, 681, (13 N. W. Rep. 889;) *Chadwick* v. *Chadwick*, 59 Mich. 87, (26 N. W. Rep. 288.) Whether, if the certificate of the notary appended to the depositions after the examination was completed, had been irregular and incomplete, the same rule would have been applicable in respect to a like objection to such certificate, it is not necessary to consider.

2. The only other error assigned is the rejection of certain letters written by the agents of defendants, which plaintiff claims contain admissions material to his case. The action was brought to recover damages for an alleged breach of contract to deliver to plaintiff 4,000 cases of corn, of which the quality was guarantied to equal the sample shown. This contract was made on defendants' behalf by the agents referred to. We think there was no prejudicial error in the rejection of this evidence. The two letters in question were written in August. The corn, the quality of which was in dispute, was shipped in October following; and the writer, though expressing doubt whether the quality would be equal to that of the last year, on account of the bad season, evidently did not examine, and had no personal knowledge of the quality of the corn shipped. The second letter made no reference to the quality, but only to the fact that only one-half the order could be filled, owing to the dry weather and short crop. The facts were fully laid before the jury by witnesses on both sides, who made personal examinations of the corn after it was forwarded for delivery. The packing season lasted about six weeks from the middle of October, and long after the letters were written.

It is manifest that the letters contained nothing of value as evidence, and it is evident from the record that, had they been received in evidence, they would not have materially aided the plaintiff's case.

Order affirmed.