H. L. SCHMITT v. MARTIN MURRAY and Others.[1]

October 31, 1902.

Nos. 12,958—(46).

**Attorney at Law—Verdict.**

> Action to recover for legal services. *Held,* that the verdict for the defendants is sustained by the evidence, and that the trial court did not err in its instructions to the jury.

Appeal by plaintiff from an order of the municipal court of Mankato, Shissler, J., denying a motion for a new trial. Affirmed.

*H. L. & J. W. Schmitt,* for appellant.

*Daniel Buck* and *C. O. Dailey,* for respondents.

START, C. J.

Action in the municipal court of the city of Mankato to recover for attorney's fees. The complaint alleges that the plaintiff, as an attorney at law, at the special request of the defendants, performed services for them, of the reasonable value of $350, no part of which has been paid, except the sum of $73.25. The summons was not served on the defendant Martin Murray, nor did he answer. The other defendants answered severally, denying that

[1] Reported in 91 N. W. 1116.

they ever employed the plaintiff, and alleging, in effect, that the services were rendered to Martin Murray, who was the principal debtor; that the plaintiff had been paid in full therefor; and that any alleged promise on their part was within the statute of frauds. The issues were submitted to a jury, and a verdict returned for the answering defendants. The plaintiff appealed from an order denying his motion for a new trial.

1. The plaintiff, by a proper assignment of error, challenges the sufficiency of the evidence to support the verdict. The evidence is unquestionably sufficient to sustain the verdict in favor of the defendant Margaret Mullen. It is less satisfactory as to the defendant Margaret Murray. The evidence is practically conclusive that the services in question were rendered for the benefit of the defendant Martin Murray, who is a son of one of his codefendants, and the brother of the other, in defending him against a charge of felony. But the evidence tends quite strongly to show that the sister, Margaret Murray, employed the plaintiff to defend her brother, and impliedly, at least, promised to pay him therefor. It is not, however, conclusive on this point; and upon the whole record we are of the opinion, and so hold, that the verdict as to both defendants is supported by the evidence.

2. All of the other assignments of error meriting consideration relate to the court's instructions to the jury. No objections or exceptions were made or taken on the trial of the action to the court's charge, nor was the court requested to give any instructions other than those that were given. The trial court charged the jury, in effect, that, if they found from the evidence that the answering defendants employed the plaintiff to perform the services, then they must find a verdict for him, unless he had been paid in full for his services, and that it was not necessary for the plaintiff to show that he rendered the services in a case to which they were parties. As to the defense of the statute of frauds, the jury were instructed, in effect, that, if any credit for his services were given by the plaintiff to the defendant Martin Murray, the other defendants were not liable therefor; that the whole credit must have been given to the latter, or else their promise to

pay was collateral and void under the statute of frauds, it not being in writing.

These instructions, as far as they go, are substantially correct. Cole v. Hutchinson, 34 Minn. 410, 26 N. W. 319. The plaintiff assigns the giving of them as error, for the reason that, on the evidence in the case, it conclusively appears that the defendant Margaret Murray employed the plaintiff, and that the contract between her and the plaintiff was an original one; hence, as to her, there was no question to submit to the jury as to whether her promise was a collateral one. The answer to this objection is found in what we have already said as to the sufficiency of the evidence to support the verdict. The plaintiff makes the further objection that "these charges absolutely prevented the jury from finding and determining in the case that the contract sued upon was a joint contract between all of the defendants and the plaintiff; for if it was a joint contract, then the plaintiff was entitled to recover, unless he had already been paid in full, from any or all or either of the defendants who were parties to such joint contract." If the plaintiff apprehended that the jury might so construe the instructions, in view of its further direction to find for the plaintiff if the defendants employed him to perform the services, he should have called the attention of the court to the matter, to the end that it might be made clear to the jury, if it was not already so, that the instructions referred only to the defense of the statute of frauds, and did not prevent the jury from finding for the plaintiff if they found from the evidence that the defendants employed him to perform the services in question. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Torske v. Commonwealth Lumber Co., 86 Minn. 276, 90 N. W. 532.

The court further charged the jury as follows:

"The jury are not bound to credit the testimony of the plaintiff, as a matter of law, as he is an interested witness in his own behalf, if such testimony is uncontradicted by any other witness, especially as such testimony rests upon opinion only as to the value of the services."

This charge states the law correctly. Lang v. Ferrant, 55 Minn. 415, 57 N. W. 140; Aldrich v. Grand Rapids Cycle Co., 61 Minn.

531, 63 N. W. 1115. The only objection that can be urged against it is that it might possibly be construed as unfairly singling out the plaintiff, and charging as to his credibility. Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003. The instruction complained of was given in connection with others as to the conclusiveness of opinion evidence on the question of the value of the plaintiff's services, and it is clear that it is not fairly susceptible of the suggested construction, and that it was not prejudicial.

The plaintiff further claims that both the issue as to the defendants' employment of the plaintiff and the issue as to payment for his services were submitted to the jury, and hence the verdict must be set aside, for as to the issue of payment the evidence is conclusively in favor of the plaintiff, and it is impossible to tell upon which issue the verdict is based. Peterson v. Chicago, M. & St. P. Ry. Co., 36 Minn. 399, 31 N. W. 515; Funk v. St. Paul City Ry. Co., 61 Minn. 435, 63 N. W. 1099. No objection was made on the trial to the submission of both issues. Besides, there is no assignment of error which raises the question.

We discover no reversible error in the record.

Order affirmed.