ROCK ISLAND PLOW COMPANY v. E. G. SCHOENING and Another.[1]

May 1, 1908.

Nos. 15,591—(55).

**Deposition—Defects Cured by Statute.**
   A notice of taking a deposition out of the state did not give the resi-
dence of the witness whose testimony was to be taken, though it was in all
other respects in conformity with the statutes on the subject. The notary
before whom the deposition was taken did not certify that the testimony
was read over to the witness as recorded, and the witness did not sign
each page on which the testimony was written, but only the last page;
*held,* as against an objection to the introduction of the deposition on the
trial, informalities and defects not of a character to wholly nullify the
deposition, and cured by the provisions of section 4678, R. L. 1905; no
showing of prejudice to defendants having been made.

**Assignments of Error.**
   Other assignments *held* to present no reversible error.

Action begun in justice court to recover $55.02, the price of certain
machinery. Judgment was rendered in favor of plaintiff for the
amount demanded, and the defendants appealed to the district court of
Swift county on questions of law alone which affirmed the judgment.
From the judgment entered pursuant to the order of Qvale, J., in
favor of plaintiff for $99.57, defendants appealed. Affirmed.

   *Young & McElligott,* for appellants.

   *Foland & McCune,* for respondent.

BROWN, J.

Action brought in justice court to recover a balance alleged to be
due plaintiff from defendants, in which plaintiff had judgment for the
amount claimed with costs. Defendants appealed to the district court
upon questions of law alone, where the judgment of the justice was
affirmed, from which they again appealed to this court.

The only question presented by the assignments of error necessary
to be considered is whether the justice erred in overruling defendants'
objections to the admission in evidence of two certain depositions

[1] Reported in 116 N. W. 356.

taken by plaintiff in support of the allegations of its complaint. The depositions were taken under the provisions of our statutes which authorize the taking of testimony of witnesses out of the state, and were in all things in conformity with the statute, save as pointed out in the objections presently to be mentioned. Notice of the time and place of taking the same was duly given to defendants' counsel, but they did not appear or take part in the proceedings, and they were in the due course of time returned by the officer before whom taken to the justice. When offered in evidence on the trial they were objected to by defendants on the grounds (1) that the notice of taking in each instance was insufficient, in that there was no statement therein of the residence of the witness and no statement of the grounds for taking the deposition, as required by section 4667, R. L. 1905; and (2) that one of the depositions was incompetent, because the certificate thereto of the notary before whom it was taken did not state that the testimony of the witness, which was taken down by a stenographer, was read over to the witness after being transcribed, and that the pages thereof were not properly signed by the witness, the last page only being signed by him.

It may be conceded for the purposes of the case that the depositions are defective in the respects pointed out, but in the absence of some suggestion of prejudice to defendants, or that the depositions are not full, fair, and complete, the defects are not fatal. They amount to irregularities or informalities, and are cured by section 4678, R. L. 1905. That statute provides that no informality, error, or defect in any proceeding in connection with the taking of depositions shall be sufficient ground for excluding the same when offered in evidence, unless the party objecting thereto shall make it appear to the satisfaction of the court that the officer taking the same was not authorized to administer an oath, or that such party was by such irregularity, error, or defect precluded from appearing and cross-examining the witness. The purpose of this statute was to avoid the exclusion of depositions when offered on the trial of an action on purely technical grounds. Its language is broad and comprehensive, and includes all proceedings from the initiatory notice to the return of the deposition by the officer, and, unless an error or defect be such as to render the deposition an absolute nullity, it is not fatal to its admission in evidence, in the ab-

sence of the showing the statute requires the objecting party to make. No such showing was here made. There is no claim that defendants were in any way misled or prejudiced by the failure of the notice to state the residence of the witness or the reason for taking the deposition, nor is there any suggestion that the depositions as returned to the justice were incomplete, or that they had been tampered with in any manner. Defendants rely wholly upon the contention that the defects referred to rendered the depositions absolute nullities, and hence they are not protected by the statute referred to. In this we do not concur. The errors and defects come clearly within the statute, and are informalities within our decisions. Smith v. Groneweg, 40 Minn. 178, 41 N. W. 939; Rachac v. Spencer, 49 Minn. 235, 51 N. W. 920.

Other questions suggested in appellants' brief are unimportant, present no reversible error, and require no special mention.

Judgment affirmed.