MATT KRUMPOTICH v. BUTLER BROTHERS BUILDING COMPANY.[1]

April 17, 1925.

No. 24,823.

**Venue of action for wages.**

To entitle plaintiff, under G. S. 1923, § 9213, to try action for wages in county where labor was performed, he must not join a cause of action which defendant has right to have removed for trial to county of his residence. [Reporter.]

Upon the relation of Matt Krumpotich, the supreme court granted its alternative writ of mandamus directed to the district court for Ramsey county and the Honorable C. J. Michael, judge thereof, commanding them to remand the above entitled cause to the district court for St. Louis county or show cause why they had not done so. Writ quashed.

*J. H. Whitely,* for relator.

*Mitchell, Doherty, Rumble, Bunn & Butler,* for respondent.

PER CURIAM.

The alternative writ of mandamus directing the respondent to remand the case of Matt Krompotich v. Butler Brothers Building Company, now pending in the district court of Ramsey county to the district court of St. Louis county for trial (where it was instituted), on the ground that the action is for the recovery of wages or money due for manual labor performed in St. Louis county, is hereby vacated and quashed, for the reason that it appears from the complaint therein that several causes for the recovery of money other than the one for wages are set out in the complaint. It cannot have been the intention by section 9213, G. S. 1923, to deprive a defendant of the right to have causes of action tried at the place of his residence by joining with them a claim for wages.

We hold that in order to entitle a plaintiff under that statute to try an action for wages in the county where the labor was performed he must not join a cause of action which a defendant may have the right to have removed for trial to the county of his residence.

[1]Reported in 203 N. W. 435.