## JEUNETTE NEWBORG AND ANOTHER v. LOUIS MARTIN.[1]

September 17, 1937.

No. 31,530.

*Joseph A. Quinn,* for relators.
*Barron & Barnard,* for respondent.

PER CURIAM.

*Mandamus* to compel a judge of the district court of Wadena county to remand certain actions to the district court of Otter Tail county. Relators are the plaintiffs in these actions. A change of venue to Wadena county was taken upon affidavits of defendant's attorney that defendant was a resident of Wadena county at the time of the commencement of the actions. Plaintiffs moved to remand upon the ground that at the time of the commencement of the actions the defendant was, and for a long time prior thereto had been, an actual *bona fide* resident of Otter Tail county. The actions were brought to recover damages for personal injuries. 2 Mason Minn. St. 1927, § 9214, requires such actions to be brought in the county in which the defendant resides when the action is begun. Plaintiff contends that the proof conclusively shows that

[1]Reported in 274 N. W. 875.

defendant resided in Otter Tail county when the actions were begun. The actions were begun in Otter Tail county by service of the summons on defendant personally in Fergus Falls, in Otter Tail county, on March 11, 1937. Defendant contends that he resided in Wadena county. The court found that he resided in Wadena county. Plaintiff claims that the finding of the court is without support in the evidence and is so manifestly contrary to the overwhelming weight of the evidence produced by plaintiff that the order is an abuse of discretion which should be corrected here. Plaintiffs introduced affidavits in support of the motion to remand as follows: By their attorney that he had personal knowledge that at the time the action was begun and for a long time prior thereto defendant resided in the city of Fergus Falls, in Otter Tail county; that at the general election held on November 3, 1936, the defendant voted in Fergus Falls as a registered voter; that he had personally examined the election records, which disclosed that defendant did vote at said election and that he knew that the defendant had resided in Fergus Falls since prior to November 1, 1936; the affidavit of the city clerk of the city of Fergus Falls, who testified that the poll lists and election records showed that defendant voted at said election in November, 1936, as a resident of Fergus Falls, Otter Tail county, Minnesota; the sheriff of Otter Tail county, who swore that he had personal knowledge that ever since November 1, 1936, defendant was a resident of Fergus Falls and lived there with his (defendant's) mother at 643 Stanton avenue west in said city; defendant's mother, who swore that at the time of the commencement of the action and ever since prior to November 1, 1936, defendant was a *bona fide* resident of Fergus Falls, living at her residence at 643 Stanton avenue in said city; the affidavit of defendant's stepfather, Mr. P. F. Olson, which is the same as the mother's; the affidavit of one Theisen, with whom defendant formerly lived in Wadena, who swore that defendant had not lived in Wadena since September 7, 1936; and the affidavits of four other residents of Wadena who were familiar with defendant's business and residence and who testified that he had not been a resident of said city since prior to November 1, 1936. Defendant offered in evidence affidavits of one of his at-

torneys who is a resident of Wadena, but who did not state that he personally knew that defendant was a resident of Wadena at the time the action was begun.   In his affidavit he stated that defendant had stated that he was a resident of Wadena on May 8, 1936, in a statement to the insurance company defending these actions, in which he gave an account of the accident; in certain articles of incorporation signed on March 6, 1936; in the application for the registration of his automobile signed on February 15, 1936, and in an application for life insurance signed on October 10, 1935.   There is no evidence of any kind on behalf of defendant that he was a resident of Wadena on or about March 11, 1937.   The evidence closest in time that he was a resident of Wadena is that relating to the statement which defendant made on May 8, 1936, approximately ten months prior to the commencement of the action.   The finding of the court is without support in the evidence.   The evidence does not sustain the finding of the court that defendant was a resident of Wadena when the actions were begun.   On the contrary, it requires a finding that defendant was a resident of Fergus Falls, Otter Tail county, at that time.   Plaintiffs are entitled to have these actions tried in Otter Tail county by reason of the provisions of the statute.

Defendant directs attention to the fact that plaintiffs commenced actions in Wadena county in 1936, upon the same causes of action, which they dismissed.   These matters are entirely irrelevant because the statute requires the action to be tried in the county in which defendant resided "when the action was begun."

Plaintiffs are entitled to a writ of *mandamus* remanding the actions to Otter Tail county for trial.