DR. B. WOLFSON v. MRS. A. R. KOHN.[1]

March 28, 1941.

No. 32,647.

[1]Reported in 297 N. W. 109.

*G. Halvorson,* for appellant.
*Samuel G. Smilow,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Defendant appeals from an order denying her motion for amended findings or for a new trial.

Plaintiff is a dentist practicing his profession in Minneapolis. He claims that about March 18, 1937, defendant, a former patient, telephoned his office and stated to his dental assistant, Miss Sylvia Mandel, that she was sending her sister, Mrs. Mascotti, to the office for dental work. The assistant testified, by deposition, that defendant told her "to do whatever work was necessary and send her the statement." Mrs. Mascotti called at the office pursuant to the appointment, and thereafter plaintiff performed the dental services involved herein, which he claims were of the value of $90.

Defendant admits calling plaintiff's office. She claims that she talked with plaintiff personally and told him that her sister's teeth needed cleaning and that she was sending her to plaintiff for that purpose. She admits that, "I may have said that I would be responsible for this cleaning job." She denies, however, that she promised to pay for any work other than the cleaning.

On this appeal defendant contends (1) That the decision of the trial court is not justified by the evidence, and (2) that the court erred in denying her motion to suppress the deposition of plaintiff's witness, Sylvia Mandel.

Defendant relies on the statute of frauds and cites 2 Mason Minn. St. 1927, § 8456, which provides:

"No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith: * * *

"2. Every special promise to answer for the debt, default, or doings of another."

The statute has no application to the facts here appearing. Plaintiff does not claim that defendant promised to pay if Mrs. Mascotti did not pay, but claims an original undertaking on defendant's part. While the testimony is somewhat indefinite as to the extent of the work to be done, there was testimony on the part of plaintiff's assistant that defendant told her "to do whatever work was necessary and send her the statement." From this the trial court might well find, as it did, that defendant contracted with plaintiff to perform the services and agreed to pay him therefor. The decision cannot be disturbed on the ground that it is not justified by the evidence.

At the trial defendant moved to suppress the deposition of plaintiff's witness, Sylvia Mandel, on two grounds: (1) Because it was taken on July 28, 1939, and not returned to court until November 22, 1939, and (2) because the deposition, which consisted of six typewritten pages, was signed only on the last page. Defendant's counsel admits that he took part in the taking of the deposition and makes no claim that it is not accurate. There has been no showing of prejudice to defendant. 2 Mason Minn. St. 1927, § 9832, provides:

"No informality, error, or defect in any proceeding shall be sufficient ground for excluding a deposition, unless the party making the objection thereto shall make it appear to the satisfaction of the court that the officer taking the same was not then and there authorized to administer an oath, or that such party was by such informality, error, or defect precluded from appearing and cross-examining the witness."

The purpose of the statute is to avoid exclusion of depositions offered in the trial of an action purely on technical grounds. The statute does not make the defects here ground for excluding the deposition. Smith v. Groneweg, 40 Minn. 178, 41 N. W. 939; Rock Island Plow Co. v. Schoening, 104 Minn. 163, 116 N. W. 356. The trial court did not err in denying defendant's motion to suppress the deposition.

The order appealed from is affirmed.

[1]Reported in 297 N. W. 106.