CLARA C. PLATH v. GLENN H. REED.

95 N. W. (2d) 169.

February 20, 1959—No. 37,712.

*Carroll, Thorson, Anderson & Cronan,* for relator.
*Reyerson & Comer,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Proceedings for change of venue in an action for injuries and damages arising out of an automobile accident. The action was commenced in the District Court of McLeod County. The complaint alleged that the accident had occurred there. Defendant, a resident of Meeker County, asserted that the accident had occurred in the latter county. He promptly served a demand for change of venue to the District Court of Meeker County pursuant to M. S. A. 542.10, but the clerk of the District Court of McLeod County refused to transfer the action.

Defendant then moved the District Court of McLeod County for an order changing the venue to Meeker County. Plaintiff resisted, contending that the accident had occurred in McLeod County, and the court denied defendant's motion. Subsequently, defendant petitioned the supreme court for an alternative writ of mandamus to require the Honorable Arlo E. Haering, Judge of the District Court of McLeod County, and the District Court of McLeod County, to change the venue of the action to Meeker County. On October 31, 1958, this court issued an alternative writ of mandamus requiring the Honorable Arlo E. Haering, Judge of the District Court of McLeod County, and the District Court of McLeod County, to change the venue of the action to

Meeker County, or, in the alternative, to show cause why the venue should not be thus transferred.

In his return to the writ, the Honorable Arlo E. Haering set forth that his denial of defendant's motion to change the venue to Meeker County was based upon his finding that the accident had occurred in McLeod County. Therein he stated:

"The only evidence submitted by defendant and relator on this question was that which came before the Court in the form of affidavits. These affidavits so submitted by defendant did not give facts * * * from which the Court could determine the issue but rather they contained hearsay and conclusions all of which would lack probative value in deciding an issue of fact. *Plaintiff's affidavits, particularly that of Frank Broderius proceed to disclose facts from which a conclusion might be drawn by one required to determine an issue.*" (Italics supplied.)

The dispute with respect to the place where the accident occurred arises out of this situation: The line between McLeod County and Meeker County in some places is the same as the centerline of Highway No. 22, on which the accident occurred. The definite location of this centerline with respect to the county line at the location of the accident was not established by any relevant evidence. It does not seem to be disputed, however, that McLeod County would be to the east of the highway, and that Meeker County would be west thereof. Defendant's car was traveling south on the westerly one-half of the highway. The car in which plaintiff was a passenger turned into the westerly one-half of the highway to make a left turn into an access driveway to the west thereof. In consequence, it came into the path of defendant's car and a collision occurred. The impact took place in the westerly one-half of the highway, and as a result of it the car in which plaintiff was riding was driven backwards into the ditch on the east side of the highway in McLeod County, while defendant's car ended up in the ditch on the west side of the highway in Meeker County.

The evidence submitted to support the trial court's finding that the action arose in McLeod County was in the form of affidavits. There was nothing therein to establish as a fact that at the place of the collision the centerline of Highway No. 22 was the dividing line between

McLeod and Meeker Counties. The affidavit of Frank Broderius, upon which the court placed its reliance, set forth that, *based upon the assumption* that at the point of impact the centerline of Highway No. 22 formed the dividing line between McLeod and Meeker Counties, it was his conclusion that the accident had occurred in McLeod County. He stated specifically, however, that he had no actual knowledge as to the truth of such assumption.

At the hearing on the motion the court requested that counsel determine through the proper authorities whether the boundary line between the two counties was the same as the centerline of Highway No. 22 at the place of the accident. The following statements made by court and counsel for both parties at the close of the hearing indicate the doubt and uncertainty which prevailed with reference to the place where the accident occurred:

MR. COMER (for plaintiff):

"* * * If the Court will recall at the last hearing, the Court requested us * * * [to] try and determine from the authorities where the center line of the highway was with respect to the Meeker County-McLeod County line.

"In an attempt to determine the answer to that question I talked with the highway engineer for McLeod County, Mr. Baseman, who informed me that after he got out the plat that he was not in position to tell me exactly at that point whether the center line of the highway and the county line coincided. The only way that could be determined according to him would be to have an independent private survey made.

\* \* \* \* \*

"The sum and substance and argument for the Plaintiff is this: That this accident happened on a highway where the county line is we assume, some place in that highway. Maybe it is the center line, maybe it may not be exactly the center line.

\* \* \* \* \*

"Now, in the affidavits that I have presented, the affidavit of Frank Broderius in effect says that he was at the scene of the accident. That in his opinion the accident occurred within the range of this debris four feet to the west, which is in Meeker County, west of the center line,

two feet to the east of the center line, which is in McLeod County. It occurred in that area.

\* \* \* \* \*

"MR. CRONAN [for defendant]: \* \* \* I submit that the argument and speculation of where the negligence arose with which we are dealing with now is getting to the point of conjecture \* \* \* what Mr. Reed had done a mile ahead or across the road—I think we are getting beyond the sphere of what is important to decide the motion. \* \* \*

"THE COURT: Now, then, how am I to determine where that actually occurred without the evidence here in Court?

"MR. CRONAN: I submit \* \* \* that there is evidence before this Court in the form of affidavits.

"THE COURT: Well, as you say it is conjecture.

\* \* \* \* \*

"THE COURT: It is unfortunate that the legislature didn't see fit to do something about this question where an accident occurs on a county line."

1. We cannot escape the conclusion that there is no evidence to support the trial court's finding that the accident occurred in McLeod County. In the absence of such evidence, it must follow that defendant is entitled to have the action tried in Meeker County, his place of residence. M. S. A. 542.09 provides that actions shall be tried in the county in which one or more of the defendants reside. We have held that because of this section it is the general policy of the law that actions be brought and tried in the county in which defendant resides, and that this right is not to be denied a defendant except where the legislature has clearly and unequivocally manifested a contrary intent. Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621; State ex rel. Wilkins v. Tyrholm, 139 Minn. 389, 166 N. W. 533; Krumpotich v. Butler Brothers Bldg. Co. 162 Minn. 522, 203 N. W. 435; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284; Newborg v. Martin, 200 Minn. 596, 274 N. W. 875.

2. From the foregoing it seems clear that if a party seeks to bring action against a defendant in some county other than the latter's residence his right to do so must be established under some statutory

exception to § 542.09 and that the burden of establishing such an exception would rest upon the party depending upon it. Here, plaintiff relies upon § 542.095 as authorization for instituting the present action in McLeod County. This statute provides that:

"An action against the owner, driver, or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management, and control of such motor vehicle may be brought in the county where the action arose or in the county of the residence of the defendant or a majority of the defendants against whom the action is brought * * *."

As indicated above, there is nothing in the record to establish that the accident here occurred in McLeod County so as to make the provisions of § 542.095 operative. It cannot be said that plaintiff has sustained the burden of establishing this fact where the only support for a finding to such effect are various conclusions unsupported by evidence that the dividing line between McLeod and Meeker Counties at the point of the accident coincided with the centerline of Highway No. 22. Since plaintiff has failed to establish her right to select the venue of the action under the provisions of § 542.095, and since it is undisputed that defendant is a resident of Meeker County, it would follow that the latter is entitled to have the venue of the action changed to the District Court of Meeker County.

Let a peremptory writ issue changing the venue of the action to the District Court of Meeker County.