## AGRICULTURAL INSURANCE COMPANY AND ANOTHER v. MIDWEST TECHNICAL DEVELOPMENT CORPORATION AND OTHERS.

130 N. W. (2d) 497.

September 18, 1964—No. 39,604.

*Harold C. Evarts, Best, Flanagan, Lewis, Simonet & Bellows, Robert F. Henson, Cant, Haverstock, Beardsley, Gray & Plant, Karl H. Covell, Covell & Bachelder,* and *John J. McKasy,* for relators.

*B. C. Hart, David C. Forsberg, Jonathan H. Morgan, Briggs & Morgan, Fred A. Collatz, Paul C. Thomas,* and *Thomas, King, Daubney, Swenson & Collatz,* for respondents.

KNUTSON, CHIEF JUSTICE.

This action was commenced in the District Court of Ramsey County by the 2 corporate plaintiffs against 2 corporate and 10 individual defendants. The nature of the action is not of any importance in the determination of the question now before us. It is alleged in the complaint:

"The County of Ramsey, Second Judicial District, is the proper county for trial of this action in that part of the cause of action arose in Ramsey County."

Within 20 days after commencement of the action, a majority of the defendants joined in a demand for a change of venue to Hennepin County. In an affidavit supporting their demand they aver, among other things:

"* * * That no part of said pretended cause of action arose in Ramsey County, Minnesota."

It is conceded that the affidavit supporting the demand for change of venue is sufficient to comply with the statute as far as residence and number of defendants joining are concerned. The demand was filed with the clerk of the district court of Ramsey County on June 4, 1964. The clerk refused to transmit the file to Hennepin County, and on June 8, 1964, an order to show cause why the action should not be retained in Ramsey County on the ground that a part of the cause of action rose therein, coupled with a motion to retain the cause of action there, was properly served and filed upon the necessary parties.

Defendants objected to the jurisdiction of the Ramsey County court to hear said motion, contending that upon service and filing of their demand for a change of venue the cause of action was ipso facto transferred to Hennepin County and that, if it was to be remanded, that motion must be made in Hennepin County. The District Court of Ramsey County proceeded to determine the question of its jurisdiction only and determined that it did have jurisdiction to hear the motion. We thereupon issued our alternative writ of mandamus and temporary restraining order pending a determination of the matter.

The sole question before us now is whether the Ramsey County District Court could properly determine whether the case should be retained in Ramsey County. In its return to our alternative writ, the trial court of Ramsey County gives as its reason for holding that it had jurisdiction to hear and determine the motion the following:

"(1) Inasmuch as it appeared from the face of the complaint that part of plaintiffs' cause of action arose in Ramsey County, defendants were not entitled to the benefits of the demand provision (M.S.A. § 542.10) for any purpose in this action and venue could not be changed in the absence of a determination by the Ramsey County District Court that no part of plaintiffs' cause of action arose in Ramsey County;

"(2) The Clerk of District Court of Ramsey County. was neither required nor authorized to transfer the files in this action from Ramsey County to Hennepin County;

"(3) The Order to Show Cause and Restraining Order of Judge Rensch were lawful and correct;

"(4) The District Court of Ramsey County had jurisdiction of the subject matter and power to hear plaintiffs' Motion to retain venue in Ramsey County and plaintiffs were entitled to have their Motion to retain venue heard in Ramsey County.

"(5) The Order of Judge Hachey, dated July 21, 1964, was lawful and correct."

Originally, a cause of action such as this could be commenced in a county where any of the parties resided at the commencement of the

action. G. S. 1866, c. 66, § 40.[1] This rule was changed by L. 1877, c. 68, so that the right to have the case tried in the county in which plaintiff resided was eliminated. Since then, the policy of the law has been that actions of this kind be brought in the county in which defendant resides or a majority of multiple defendants wish to have it tried. We have frequently held that this right is not to be denied a defendant unless the legislature has unequivocally indicated the contrary and that a party seeking to bring an action in some county other than that of the defendant or the choice of a majority of multiple defendants must establish his right to do so.[2] For a great many years the rule has been well established that, upon service and filing of a proper demand and affidavit which complied with the statute, the venue was ipso facto changed to the county designated in the demand. If the allegations of the affidavit were to be traversed, plaintiff was required to move for remand of the action in the county to which the venue was changed. The clerk's function was purely ministerial.[3]

The rule we have consistently followed is succinctly stated in State ex rel. Minneapolis T. M. Co. v. District Court, 77 Minn. 302, 306, 79 N. W. 960, 961, as follows:

"The meaning of this statute is plain. If a defendant complies with its provisions, he has an absolute right to have the venue changed to the county of his alleged residence. The action cannot be retained in

[1]See, Merrill, Cowles & Co. v. S. W. Shaw & Brother, 1 Minn. 223 (287), opinion found in 5 Minn. 113 (148).

[2]Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621; State ex rel. Wilkins v. Tyrholm, 139 Minn. 389, 166 N. W. 533; Krumpotich v. Butler Brothers Bldg. Co. 162 Minn. 522, 203 N. W. 435; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284; Newborg v. Martin, 200 Minn. 596, 274 N. W. 875; Plath v. Reed, 254 Minn. 364, 95 N. W. (2d) 169; First Nat. Bank v. F. M. Distributors, Inc. 267 Minn. 34, 124 N. W. (2d) 506; Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. (2d) 586.

[3]Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976; State ex rel. Aetna Life Ins. Co. v. Janesville State Bank, 195 Minn. 504, 263 N. W. 460; State ex rel. McClellan Paper Co. v. District Court, 199 Minn. 607, 273 N. W. 88; Pavek v. Ceska Farmarska Vzajemne, etc. 202 Minn. 304, 278 N. W. 367; Dworsky v. Herbst, 254 Minn. 295, 95 N. W. (2d) 19.

the county in which the venue was originally laid, for the purpose of traversing the allegations of the affidavit as to defendant's residence, or for the hearing of a motion to retain the case for the convenience of witnesses. If the plaintiff wishes to challenge the truth of the affidavit as to the defendant's residence, his remedy is to move the court in the county to which the venue is changed by the demand and affidavit to remand the case on the ground that the defendant is in fact a resident of the county in which the action was originally brought. If a defendant complies with this statute, and makes the demand and affidavit, and files them, with proof of service thereof, in the office of clerk of the court, the place of trial is ipso facto changed, and the defendant has an absolute right to have the papers and files transferred to the district court of the proper county."

The statute governing the place of trial is Minn. St. 542.09, and that governing the procedure for effecting a change is § 542.10. Section 542.09 was amended by L. 1955, c. 614, § 1, by adding the italicized portion shown below so as to read, as far as here material:

"All actions not enumerated in sections 542.02 to 542.08 *and section 542.095*[4] shall be tried in a county in which one or more of the defendants reside when the action is begun *or in which the cause of action or some part thereof arose*. If none of the parties shall reside or be found in the state, the action may be begun and tried in any county which the plaintiff shall designate."

The 1955 amendment did not amend the companion § 542.10, which provides the manner in which a change of venue may be effected, which resulted in an anomalous situation due to the construction placed on these statutes by the decision in Donovan v. Dixon, 257 Minn. 4, 99 N. W. (2d) 783. This anomaly was commented upon in a concurring opinion in Anderson v. Farmers Mutual Auto. Ins. Co. 259 Minn. 118, 106 N. W. (2d) 369. No doubt as a result of the court's comments, the legislature amended § 542.10 by L. 1961, c. 13, § 1, by adding the italicized portion shown below, and the statute as amended reads:

---

[4]None of these sections involve the action now before us.

"If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. This demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk in the county where the action was begun within 30 days from the date of its service and thereupon the place of trial shall be changed to the county where the defendant resides without any other proceedings. *If the county designated in the complaint is not the county in which the cause of action or some part thereof arose and* if there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county seat is nearest. When the place of trial is changed all other proceedings shall be had in the county to which the change is made, unless otherwise provided by consent of parties filed with the clerk or by order of the court and the papers shall be transferred and filed accordingly. When a demand for a change of the place of trial is made as herein provided the action shall not for any of the reasons specified in section 542.11 be retained for trial in the county where begun, but can be tried therein only upon removal thereto from the proper county in the cases provided by law."

It is true that as § 542.09 now reads a plaintiff has a right to have the case tried in the county in which the cause of action or some part of it arose. The procedural question before us now is: Who is to decide whether the cause of action or some part of it arose in the county in which it was commenced? Determination of that question often involves difficulties and obviously cannot be entrusted to a clerk of court. It is a legal question that must be determined, when in dispute, by a court of competent jurisdiction. It is noteworthy that in amending § 542.10 the legislature did not change the language stating that after service and filing of a demand for a change of venue "thereupon the place of trial shall be changed to the county where the

defendant resides without any other proceedings." Nor did it change the language: "When the place of trial is changed all other proceedings shall be had in the county to which the change is made, unless otherwise provided by consent of parties filed with the clerk or by order of the court."

It is quite clear that neither the amendment in 1955 nor the amendment in 1961 dealt with the procedural aspects of transferring venue involved in the case now before us. Neither the statutes nor our decisions are of much help in determining this question. Apparently the procedural question has never been raised heretofore, and none of our decisions are directly in point. It is the contention of plaintiffs that, when a plaintiff alleges in his complaint that the cause of action or some part of it arose in the county in which the action is commenced, the clerk cannot transfer the cause of action but that whether it should be transferred must then be determined by the court of the county in which the action is commenced.[5]

If the position of plaintiffs is sound, it is safe to say that the automatic removal which we have known in the past will be effectively destroyed by the simple expedient of alleging in a complaint that the cause of action or some part of it arose in the county in which the action was commenced. Thereupon, according to the position of plaintiffs, it would be necessary for the defendant or defendants to go into the court of the county where the action was commenced to traverse this allegation. The same reasons exist for placing upon a plaintiff the burden of going to the county where the action is transferred to

---

[5]Plaintiffs' position is stated in their reply brief as follows:

"* * * *when the complaint on its face states that part of the cause of action arose in the county in which the action was commenced, the clerk may not transfer the files without an order from the court.*

"Conversely, if there is *no* allegation in the complaint that part of the cause of action arose in the county in which the action was commenced, then the clerk must transfer the files when the defendants' affidavit properly sets forth their residence, regardless of where the cause of action may have in part arisen. In such cases an averment in the affidavit that no part of the cause of action arose in the county in which the action was commenced is not necessary."

traverse averments of the affidavit supporting the demand whether or not he alleges that part of the action arise where he commenced the action. If, by the simple expedient of alleging in the complaint that the cause of action or a part of it arose in the county where the action was commenced, plaintiff can put defendant to the trouble and expense of going to that county to traverse this allegation, it will open the door to much harassment and expense for defendants sued far from home. It may not be too important in this case, because Hennepin and Ramsey Counties are relatively close and the judges of both counties are equally qualified to determine where the cause of action arose, but the rule, if adopted, might become of great importance in other cases.

The policy has been for many years that, if plaintiff wants to traverse the allegations of an affidavit supporting a demand for a change of venue, he must stand the expense of going to the county to which the action was transferred, and we think that policy is a sound and good one. It ought to be adhered to here, at least in the absence of an unequivocal legislative declaration to the contrary. We therefore hold that, when a proper demand for a change of venue and supporting affidavit sufficient to comply with the statute are served and filed, the action is ipso facto transferred to the county designated by the demand, and that if the averments of a defendant or defendants with respect to residence or the place where the cause of action arose are to be challenged it must be done in the county to which the action is transferred. This presents a simple rule that can be followed by the clerk without determination of a legal question that lies beyond his competence. It may be said in passing that, while the statute does not require any statement in the affidavit as to where the cause of action arose, as a matter of good practice the defendant ought to state in the affidavit supporting his demand that in his opinion neither the cause of action nor any part of it arose in the county in which the action was commenced. The clerk can then follow our standard practice.

Although the procedural question was not presented there, substantially the procedure outlined here was followed in First Nat. Bank v.

F. M. Distributors, Inc. 267 Minn. 34, 124 N. W. (2d) 506. In determining whether the plaintiff or the defendant should bear the expense where such demand for change of venue is made, we are convinced that it is better to leave the burden upon plaintiff, where it has been for these many years.

Although the question has not been raised, it might be said that mandamus has been long established in this state as a proper procedure for expeditiously determining questions involving proper venue of a cause of action.[6] It follows from the above that the writ should be and is made absolute.

Let peremptory writ of mandamus issue.

---

[6]Winegar v. Martin, 148 Minn. 489, 182 N. W. 513; State ex rel. Hilton v. District Court, 159 Minn. 282, 198 N. W. 667; Boesch v. Nordby, 265 Minn. 232, 121 N. W. (2d) 163; Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 121 N. W. (2d) 586; Castle v. Village of Baudette, 267 Minn. 140, 125 N. W. (2d) 416.