## GRANITE FALLS MUNICIPAL HOSPITAL v. ALFRED COLE.

### 133 N. W. (2d) 496.

February 5, 1965—No. 39,684.

*Emmett F. Tighe,* for relator.
*Gordon Paterson,* for respondent.

PER CURIAM.

This is an action to recover the reasonable value of services furnished by plaintiff hospital to Charles Hinz. It is plaintiff's claim that defendant, Alfred Cole, orally promised to pay for such services prior to the time they were rendered. The action was commenced in Yellow Medicine County where plaintiff is located. Defendant is a resident of St. James in Watonwan County. The question here presented is whether under Minn. St. 542.09 the venue of this action should be in Yellow Medicine County or in Watonwan County. It is plaintiff's claim that it arose in Yellow Medicine County and therefore may be brought there under § 542.09, which provides:

"All actions not enumerated in sections 542.02 to 542.08 and section 542.095 [none of which apply to this action] shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose."

Subsequent to the commencement of the action in Yellow Medicine County, defendant had its venue changed to Watonwan County pursuant to § 542.10. Thereafter, plaintiff moved to remand it to Yellow Medicine County on the ground that the action arose there. The court granted this motion.

In support of the motion plaintiff submitted an affidavit of Mrs. Lyle Huseby, administrator of the hospital, to the effect that in the business office of the hospital at Granite Falls defendant had orally promised that he would pay for any hospital services to be rendered to Charles Hinz. In addition, plaintiff submitted the affidavit of its attorney to the effect that three witnesses residing in or near Granite Falls, including Mrs. Huseby, would testify as to having heard this promise of defendant.

In opposition to the foregoing, defendant submitted his affidavit in which he denied ever having made any promise orally or otherwise to pay for the services described and in which he further set forth his claim that such an oral promise would fall within the statute of frauds and hence be unenforceable. In this affidavit defendant also set forth a number of reasons why, as principal of the St. James public schools, it would be inconvenient for him to be in Granite Falls at the time of the trial of this action. The emergencies described in this affidavit having ceased to exist at this time, these reasons need not be given consideration here.

Plaintiff's claim that it is entitled to bring the action in Yellow Medicine County as having arisen there is based on the following allegations of the complaint:

"At the special instance and request of defendant, plaintiff furnished medical and hospital services and supplies to one Charles Hinz from July 8, 1959 to November 3, 1959, of the reasonable value of $1,835.56 and from May 18, 1960 to May 24, 1960 of the reasonable value of $85.50 and from October 6, 1961 to November 29, 1961 of the reasonable value of $844.85 all of which defendant herein promised and agreed to pay for.

"No part thereof has been paid."

The answer of defendant denied these allegations and as a further defense alleged that no note, memorandum, or other writing subscribed by defendant, wherein defendant agreed to pay for the services described, had ever been given to plaintiff; and that, accordingly, the complaint failed to state a cause of action against defendant.

Based upon the affidavits and pleadings described, the district court made its order remanding the case to Yellow Medicine County. In a memorandum attached to this order, the district court stated:

"* * *. Plaintiff's cause of action includes defendant's failure to pay in

accordance with the oral promise upon which plaintiff claims. In the absence of agreement, performance of that promise was due at Granite Falls. Breach of it necessarily occurred at Granite Falls. This Court is satisfied that plaintiff's cause of action arose, in sufficient part, in Yellow Medicine County within the meaning of the venue statute."

The proceedings here for an alternative writ of mandamus, commanding the district court to vacate its order, followed.

1. On a number of occasions this court has held that in determining whether an action is local or transitory the complaint or pleadings must govern.

Thus, in Yess v. Ferch, 213 Minn. 593, 594, 5 N. W. (2d) 641, 642, it was stated:

"* * * [T]he complaint alone must determine whether the action is by right triable in Hennepin County."

Likewise, in Marion v. Miller, 239 Minn. 214, 218, 58 N. W. (2d) 185, 188, 37 A. L. R. (2d) 561, we stated:

"Whether the action is local or transitory must be determined from the complaint. * * *

*     *     *     *     *

"Here, the entire complaint alleges only a fraudulent conveyance. Clearly, specific performance of the contract could not be decreed under this complaint * * *. Therefore, the action is local in character and triable in the county where the land is situated."

In State ex rel. Goodin v. District Court, 184 Minn. 504, 505, 239 N. W. 143, this court stated:

"The only relief sought by plaintiff against defendants * * * is to have set aside a deed from herself and her husband * * * conveying to defendant * * * land in Hennepin county. * * *

*     *     *     *     *

"Here plaintiff's ultimate purpose is to procure a judgment reinvesting her with the title of Hennepin county land. All other issues are incidental * * *. The action is local within the rule of our cases as stated in Quinn v. Butler Brothers, 167 Minn. 463, 209 N. W. 270."

In State ex rel. Smith v. District Court, 202 Minn. 75, 76, 277 N. W. 353, 354, the court stated:

"* * * The complaint must furnish the basis for the decision. * * *

*     *     *     *     *

"In whatever view may be taken of the complaint, it states no cause of

action * * * except as it arises from the alleged contract, which, if established, is a transitory action, * * *."

If the foregoing rule were to be applied under § 542.09, the order remanding the present case to Yellow Medicine County would have to be reversed, because nowhere does the complaint allege or imply that the services rendered by plaintiff were to be paid for in Yellow Medicine County.

2. Aside from the foregoing, this court has held that the burden rests upon plaintiff to establish that his cause of action or some part of it arose in the county where venue is sought when defendant is a resident of some other county. This is particularly true where the question is dependent upon establishing the county in which payment was due as the basis for determining whether the cause of action or some part of it arose there. Thus, in Yellow Mfg. Acceptance Corp. v. Zimmerman, 265 Minn. 303, 307, 121 N. W. (2d) 586, 589, this court stated:

"* * * Upon this state of the record the situation is one where the place of payment may or may not have been in Ramsey County * * *. Since plaintiff had the burden of proving that the place of payment was in Ramsey County in order to support its theory that its cause of action arose there in whole or in part, and since this burden was not adequately sustained, venue in the foreclosure action was properly transferred to Otter Tail County * * *."

See, also, Plath v. Reed, 254 Minn. 364, 95 N. W. (2d) 169.

3. Under § 542.09, the prevailing rule as to venue has always been that actions must be brought and tried in the county in which defendant resides except where the legislature has clearly manifested a contrary intent. Plath v. Reed, *supra*; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284.

So here, even if the court is not limited to the allegations of the complaint but may also rely upon supporting affidavits to determine where the cause of action arose, it seems clear that plaintiff has failed to sustain its burden of establishing that the cause of action arose in Yellow Medicine County. Plaintiff's affidavit was to the effect that while defendant was in the hospital office in Granite Falls, Yellow Medicine County, he orally promised to pay for the hospital services to be furnished Charles Hinz. However, defendant in his affidavit unequivocally denies that any promise of payment for such services was ever made by him, either in Yellow Medicine County or any place else. If plaintiff's affidavit is believed, then perhaps it might be said that the failure to pay where the services were rendered and where the oral promise to pay for them was made[1]

---

[1] The fact that such promise was oral would not bar plaintiff's action

would establish that the cause of action arose at that particular locus. On the other hand, if defendant's affidavit is believed, no such promise of payment was ever made at any place.

To support the trial court's action in remanding the case to Yellow Medicine County would require our determination that the conflicting affidavits alone were adequate to support the trial court's determination of the very issue which normally would be established at the trial by the testimony of witnesses subject to cross-examination. We do not think that this would be proper and feel that the record as it now exists is inadequate to support a determination that plaintiff has sustained its burden of establishing that the cause of action or some part of it arose in Yellow Medicine County.

Let peremptory writ issue.

---

if it were established that the services rendered to Charles Hinz were rendered in reliance upon defendant's promise to pay for them. Wolfson v. Kohn, 210 Minn. 12, 297 N. W. 109; Schmitt v. Murray, 87 Minn. 250, 91 N. W. 1116; King v. Franklin Lbr. Co. 80 Minn. 274, 83 N. W. 170; Bennett v. Thuet, 98 Minn. 497, 108 N. W. 1.